EXHIBIT I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

```
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/10
```

UNITED STATES OF AMERICA           :

                                   :   ORDER OF FORFEITURE OF
           -v.-                    :   SUBSTITUTE ASSETS

                                   :
ALBERTO WILLIAM VILAR,             :   S3 05 Cr. 621 (RJS)
     a/k/a "Albert Vilar," and
GARY ALAN TANAKA,                  :

           Defendants.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

        WHEREAS, on or about August 15, 2006, defendants

Alberto William Vilar ("Vilar") and Gary Alan Tanaka ("Tanaka")

(collectively referred to as "the defendants"), were charged in

a twelve-count Superseding Indictment (the "Indictment") with

conspiracy to commit securities fraud, investment adviser fraud,

mail fraud, wire fraud and money laundering; securities fraud;

investment adviser fraud; mail fraud; wire fraud; and money

laundering;

        WHEREAS, the Indictment also contained forfeiture

allegations pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982, and 28

U.S.C. § 2461, which provided notice that, as a result of the

defendants' commission of one or more of the investment adviser

fraud, securities fraud, mail fraud, wire fraud offenses charged

in the Indictment, the United States intended to forfeit all

proceeds traceable to the commission of those offenses, and that

                              1

as a result of the defendants' commission of one or more of the money laundering offenses charged in the Indictment, the United States intended to forfeit all property involved in those offenses and all property traceable to such property;

WHEREAS, the Indictment also contained a substitute assets provision, which provided that if the forfeitable property could not be located or had otherwise been made unavailable, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), the Government intended to seek forfeiture of other property of the defendants;

WHEREAS, on or about November 19, 2008, after a trial by jury, Vilar was convicted on all twelve counts of the Indictment and Tanaka was convicted of Counts One, Three, and Four of the Indictment (conspiracy, securities fraud, and investment adviser fraud);

WHEREAS, on or about October 26, 2009, the Court entered a post-conviction restraining order against the assets identified below as the "Substitute Assets" (the "Post-Conviction Restraining Order");

WHEREAS, on or about February 5, 2010, the defendants were sentenced to terms of imprisonment, as well as forfeiture and restitution, in amounts to be determined by the Court;

WHEREAS, on or about April 7, 2010, the Court entered Orders of Forfeiture against each of the defendants in the amount of $54,351,159 ("the "Money Judgments"); and

WHEREAS, the Government has identified the following assets as property of the defendants:

a.   Any and all assets of the following companies:

    i.   Amerindo Investment Advisors Inc.;

    ii.   Amerindo Investment Advisors, Inc.;

    iii.   Amerindo Investment Advisors (UK) Ltd.;

    iv.   Techno Raquia, S.A.;

    v.   Amerindo Management Inc.;

    vi.   Amerindo Technology Growth Fund Inc.;

    vii.   Amerindo Technology Growth Fund II, Inc.;

    viii.   Olafson, Inc.;

    ix.   Amerindo Master Venture Fund LLC;

b.   J.P. Morgan Chase (f/k/a Bear Stearns & Co., Inc.) brokerage account numbers:

    i.   102-17995, held in the name of Techno Raquia, S.A. (the "Techno Raquia Account");

    ii.   102-01485, held in the name of Amerindo Management Inc., sub-Account M26 (the "M26   Account");

    iii.   102-01490, held in the name of Amerindo Technology Growth Fund Inc. (the "ATGF Account");

    iv.   102-01495, held in the name of Amerindo

Technology Growth Fund II, Inc. (the "ATGF II Account");

v.    102-15833, held in the name of Olafson, Inc.;

vi.   102-05012, held in the name of The Trustees of the Amerindo Advisors (UK) Ltd. Ret. Benefits Scheme;

vii.  102-25590, held in the name of Amerindo Master Venture Fund LLC; and

viii. 102-25612, held in the name of Amerindo Investment Advisors Inc. Money Purchase Plan    and Trust;

c.    SG Americas Securities, LLC account number 64524357, held in the name of Amerindo Technologies Growth Fund (the "SG Account");

d.    All right, title, and interest of the defendants in the following:

i.    The Trustees of the Amerindo Advisors (UK) Ltd. Ret. Benefits Scheme;

ii.   Amerindo Investment Advisors Inc. Money Purchase Plan and Trust;

e.    Approximately $273,611.89 in funds formerly held by @Ventures Management, LLC for the benefit of Amerindo Technology Growth Fund II, Inc.;

f.    Approximately $1.6 million in funds on deposit at U.S. Bank for the benefit of Amerindo Technology Growth Fund II, Inc.;

g.    Any and all right, title, and interest of Tanaka in one or more apartment units located at 860 United Nations Plaza, New York, New York; and

h.    Any and all right, title, and interest of Vilar in 7 High Coombe Place, Warren Cutting, Kingston Upon Thames, Surrey, England; and

i.   Any and all right, title, and interest of Tanaka
in approximately 32 race horses, including but
not limited to, the horses known as Billy Allen,
Debicki, Honimiere, King's Drama, Passager,
Philatelist, Pressing, Simonas, Touch of Land,
Shaker, Sudan, Gentlewave, Rakti, Epalo, Millkom,
Donna Viola, Golden Apples, Gourmet Girl,
Lovellon, Passinetti, Pico Central, Snow Polina,
Squeak, Sarafan, Polaire, Star Parade, Queen
Maud, Fruhlingssturm, Distant Valley, Agata,
Riddlesdown, and Don Incuato

(collectively, the "Substitute Assets");

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED

THAT:

1.   All of the defendants' right, title, and

interest in the Substitute Assets is forfeited to the United

States for disposition in accordance with the law, subject to

the provisions of 21 U.S.C. § 853(n).

2.   The Substitute Assets shall be applied towards

the Money Judgments entered against the defendants.

3.   The aforementioned Substitute Assets are to be

seized pursuant to this Order of Forfeiture of Substitute Assets

and are to be held thereafter by the United States Marshals

Service (or its designee) in its secure custody and control.

4.   All interests held by persons other than the

defendants in Items (d)(i) and (d)(ii) above shall be released

5

from restraint under the Post-Conviction Restraining Order
entered by this Court.

       5.    Pursuant to Rule G(4)(a) of the Supplemental
              Rules

for Certain Admiralty and Maritime Claims and Asset Forfeiture
Actions, the United States is permitted to publish forfeiture
notices on the government internet site, www.forfeiture.gov.
This site incorporates the forfeiture notices that have been
traditionally published in newspapers.  The United States
forthwith shall publish the internet ad for at least thirty (30)
consecutive days.  Any person, other than the defendants,
claiming interest in the Substitute Assets must file a Petition
within sixty (60) days from the first day of publication of the
Notice on this official government internet web site, or no
later than thirty-five (35) days from the mailing of actual
notice, whichever is earlier, pursuant to Rule G(5) of the
Supplemental Rules for Admiralty or Maritime Claims and Asset
Forfeiture Actions.

       6.    The published notice of forfeiture shall state
that the petition (i) shall be for a hearing to adjudicate the
validity of the petitioner's alleged interest in the Substitute
Assets, (ii) shall be signed by the petitioner under penalty of
perjury, and (iii) shall set forth the nature and extent of the

petitioner's right, title or interest in the Substitute Assets, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the Substitute Assets, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to 21 U.S.C. § 853(n).

7.   The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the assets to be forfeited, which are the subject of this Order of Forfeiture.

8.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

9.   Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

10.   The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11.   The Clerk is hereby directed to send four certified copies of this Order to Assistant United States Attorney Amy Lester at the United States Attorney's Office, One St. Andrews Plaza, New York, NY 10007.

Dated: New York, New York
       November 9, 2010

                                    SO ORDERED:

                                    HONORABLE RICHARD J. SULLIVAN
                                    UNITED STATES DISTRICT JUDGE

8

EXHIBIT J

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

### Docket Nos. 10-521(L), 10-580(CON), 10-4639(CON)

---

UNITED STATES OF AMERICA,

*Appellee,*

-v.-

ALBERTO VILAR AND GARY ALAN TANAKA,

*Defendants-Appellants.*

---

## BRIEF FOR THE UNITED STATES OF AMERICA

---

### Preliminary Statement

Alberto William Vilar and Gary Alan Tanaka (collectively, the "defendants") appeal from judgments of conviction entered on February 9, 2010, and February 11, 2010, respectively, in the United States District Court for the Southern District of New York, following a nine-week jury trial before the Honorable Richard J. Sullivan, United States District Judge. They also appeal from an order entered by Judge Sullivan on November 9, 2010, declining to enter amended judgments in this case.

225

judgment, the court must first find that the defendant lacks sufficient assets to satisfy the forfeiture order.[*]

### 5. The Forfeiture Orders Should Be Vacated So That Judge Sullivan Can Correct the Amounts of the Money Judgments

In light of the Judge Sullivan's statement in his November 9, 2010 Order that he "inadvertently erred in imposing forfeiture in the amount sought by the government" (TA 695-96), the Government consents to the vacatur of the forfeiture orders and respectfully requests that this matter be remanded to the District Court for the limited purpose of allowing the District Court to determine the amount of the forfeiture money judgments.

_____

[*]   To the contrary, in *United States* v. *Kalish*, this Court affirmed a forfeiture money judgment for a defendant who had forfeitable assets at the time of sentencing. 626 F.3d 165 (2d Cir. 2010). In *Kalish*, the district court entered a forfeiture money judgment as well as a preliminary order of forfeiture for three identified items of property. *Id.* at 167. Notwithstanding the availability of assets for forfeiture, this Court affirmed the entry of a money judgment, concluding that the district court had the authority to enter a personal money judgment. *Id.*

EXHIBIT K

HERBERT MAYER -LISA
MAYER-DEBRA MAYER
CANDINA  1 APT 8
CONDADO PR 00907

329

*Oct. 18* 19 *91*

5-2
110

PAY TO THE
ORDER OF *Amerindo Technology Growth Fund* | $ *2,300,000.00*

*Two - Million - Three Hundred Thousand - dollars* 00/
                                                    xx cents DOLLARS

**PaineWebber**
STATE STREET BANK
P. O. Box 1978, Boston, MA  02105

FOR *TROCAL  INT.  S·A·*          *Lisa  Mayer*

⑆0110002⑆⑈0329  1507476473⑈001  ⑉0230000000⑉

CHARLAND 1987  *Amerindo Technology Growth Fund  Acct# 102-01490-25*

Tel: (415) 362-0292
Fax: (415) 362-0533

17a Curzon Street
London, W1Y 7FE
Tel: (071) 629-2349
Fax: (071) 493-5158

November 15, 1991

Ms. Lisa Mayer
One Candina St. Apt. 8
Condado
Santurce
Puerto Rico 00907

Dear Ms. Mayer:

Thank you for your recent contribution of $2,300,000 to the Amerindo Technology Growth Fund.

We are pleased to confirm that your check was given immediate credit (as an exception to accommodate us) by Bear Stearns on the same day we deposited it to the Fund's custody account. We have given you a special Net Asset Value (NAV) date of October 16, 1991, which means your funds were immediately invested.

As the market has been unusually strong this year, Albert and Gary felt it would be best to "time" your investment into the Fund by stages. They thus jointly decided that it would be prudent and in your best interest to invest immediately approximately 33% of your total contribution in the Amerindo Technology Growth Fund. The remaining 66% is being invested in a Fixed Deposit Account for three months. This plan could be changed at any time if the market were to sustain an interim sell-off of any significance, which is of course always possible. Otherwise, they expect to invest the uninvested portion of the $2.3 million now on deposit into the Fund in approximately 90 days time.

We have taken the liberty of adding the interest that had accrued on the Fixed Deposit up to the end of August, when the total deposit reached $1,600,000. Starting September 30, we began to make monthly payments of $20,000, which are effectively equal to the interest earned.

Please be assured that this method of essentially "dollar averaging" the purchase of shares is quite common and has a long history of proven investment merit to commend itself. It is especially appropriate after a market has had a strong upward move in a six-to-eight month period, as has been the case this year. The market is inevitably vulnerable to some profit-taking or consolidation after such a sizable upward move. This decision in no way obviates or alters Amerindo's quite constructive outlook for its specialty emerging growth sector over the next several years.

cont/...

2
Ms. Lisa Mayer
November 15, 1991


Your Amerindo Technology Growth Fund subscription was calculated as follows:

| | |
|---|---|
| Total Contribution: | $766,667 |
| NAV (Net Asset Value per Share): | $9.6461 |
| Total Number of Shares: | 79,479.44 |

The regulations and procedures of the Fund remain the same as outlined to you in our earlier letter on this subject.

Please also be advised that following your instructions to Albert earlier in the week, we immediately deposited $20,000 in your Shearson Lehman account.

If I can be of any assistance, please call me in London at any time.

We greatly appreciate the confidence you have placed in the Amerindo Fund and we want to assure you of our utmost desire to justify your trust.

Sincerely yours,

Renata Le Port
Administration & Finance Manager

# AMERINDO INVESTMENT ADVISORS INC.

388 Market Street, Suite
San Francisco, CA 9-
Tel: (415) 362-(
Fax: (415) 362-(

17a Curzon St
London, W1Y
Tel: (071) 629-
Fax: (071) 493-

December 24th, 1991

Dr. Herbert Mayer
One Candina St. Apt. 3
Condado
Santurce
Puerto Rico 00907

Dear Dr. Mayer:

We have reviewed in detail the latest statement we prepared for you on October 15th, 1991 to see what might possibly account for the $10,750 plus error that Lisa had told me you and she had come across through your own calculations.

We do not believe there is any difference between our valuation and yours.  The calculation we make below should clear this up.

Our statement of October 15th, which was produced principally to reflect the initial investment of shares in the Amerindo Technology Growth Fund, reflects the following adjustments to the month earlier statement.

| | |
|---|---|
| October 15th, 1991<br>Uninvested Balance Targeted<br>for ATGF | $1,533,334 |
| Interest Earned Between<br>June – August 17th, 1991 | $   38,041 |
| Interest Earned Between<br>September 17th – October 1st, 1991 | $    8,667 |
| Subtotal | $1,580,042 |
| Less Payment of October 3rd<br>to Shearson | $   20,000 |
| Total New Balance Reflected in<br>October 15th Statement (Excludes<br>interest earned on uninvested balance<br>targeted for ATGF) | $1,560,042 |

cont /

2
Dr. Herbert Mayer
December 24th, 1991


The above starting balance of $1,533,334 indicates that we agree
with the calculation you made of the uninvested balance targeted
for ATGF that existed immediately following your investment of
$2,300,000.

I will review this with Lisa in detail when I next see her.

Please accept our best wishes for a healthy and prosperous New
Year.

Sincerely  yours,


Alberto W. Vilar


cc   Ms. Lisa Mayer

# AMERINDO INVESTMENT ADVISORS INC.

17A CURZON STREET
LONDON W1Y 7FE
TEL: 629 2349
TLX: 291735 AML UK

## STATEMENT OF ACCOUNT

Dr. Herbert Mayer & Family
One Candina Street, Apt 3
Condado
Santurce
Puerto Rico 00907

| Client Account Number | Reference |
|---|---|
| 0488-F1F-178 | F |

| Statement Period | |
|---|---|
| Opening 09.17.91 | Closing 10.16.91 |

| Closing Account Balances | | |
|---|---|---|
| Cash SHORT TERM INVESTMENT | | Equities |
| $1,560,041 | | $766,667 |
| Fixed Deposits | | External |
| $1,600,625 | | ----- |

Financial Account Summary

$3,927,333

| Type of Investment | Price | Amount |
|---|---|---|
| FIXED DEPOSIT ACCOUNTS | | |
| AMERINDO INTERNATIONAL VENTURE FIXED DEPOSIT FUND (GUARANTEED @ 15% PER ANNUM) | | $1,600,625 |
| EQUITIES | | |
| AMERINDO TECHNOLOGY GROWTH FUND 79,479.44 SHARES | $9.6461 | $ 766,667 |
| EXTERNAL CUSTODY ACCOUNTS | | |
| MISCELLANEOUS/CASH | | |
| SHORT TERM INVESTMENT FUND MADE UP OF: BALANCE OF $2.3 MM DEPOSIT WAITING INVESTMENT INTO AMERINDO TECHNOLOGY GROWTH FUND PLUS EXCESS INTEREST EARNED FROM DEPOSIT FUND.  INVESTED FOR 90 DAYS, V.D. OCTOBER 16, 1991 | | $1,560,041 |
| TOTAL | | $3,927,333 |

# AMERINDO INVESTMENT ADVISORS INC.

17A CURZON STREET
LONDON W1Y 7FE
TEL: 629 2349
TLX: 291735 AML UK

## STATEMENT OF ACCOUNT

Dr. Herbert Mayer & Family
One Candina Street, Apt. 3
Condado
Santurce
Puerto Rico 00907

| Client Account Number | Reference |
|---|---|
| 0488-F1F-178 | F |

| Statement Period | |
|---|---|
| Opening 10.17.91 | Closing 12.31.91 |

| Closing Account Balances | |
|---|---|
| 0x0x SHORT TERM EQUITIES | Equities |
| $  773,552 | 1,84 |
| Fixed Deposits | External |
| $1,600,625 | ------ |

| Financial Account Summary |
|---|
| $4,221,471 |

| Type of Investment | Price | Amount |
|---|---|---|
| FIXED DEPOSIT ACCOUNTS | | |
| AMERINDO INTERNATIONAL VENTURE FIXED DEPOSIT FUND (GUARANTEED @ 15% PER ANNUM) | | $1,600,625 |
| EQUITIES | | |
| AMERINDO TECHNOLOGY GROWTH FUND (ATGF) 160,984.27 SHARES | $11.  0 | *1,847,294 |
| EXTERNAL CUSTODY ACCOUNTS | | |
| MISCELLANEOUS/CASH SHORT TERM INVESTMENT FUND MADE UP OF: BALANCE OF $2.3MM DEPOSIT WAITING INVESTMENT, CURRENTLY IN MONEY MARKET FUND, INTO ATGF PLUS EXCESS INTEREST EARNED FROM DEPOSIT FUND. INVESTED FOR 90 DAYS, V.D. 10.16.91. ADJUSTED FOR $35,000 WITHDRAWAL & ACCRUED INTEREST TO 12.31.91 | | $  773,552 |
| TOTAL | | $4,22 ,471 |

# AMERINDO INVESTMENT ADVISORS INC.

17A CURZON STREET
LONDON W1Y 7FE
TEL: 629 2349
TLX: 291735 AML UK

## STATEMENT OF ACCOUNT

Dr. Herbert Mayer & Family
One Candina Street, Apt. 3
Condado
Santurce
Puerto Rico 00907

| Client Account Number | Reference |
|---|---|
| 0488-F1F-178 | F |

| Statement Period | | |
|---|---|---|
| Opening 01.01.92 | Closing 02.29.92 | |
| Closing Account Balances | | |
| Cash  SHORT TERM INVESTMENT | Equities | |
| $ 761,457 | $1,868,963 | |
| Fixed Deposits | External | |
| $1,600,625 | ----- | |

| Financial Account Summary |
|---|
| $4,231,045 |

| Type of Investment | Price | Amount |
|---|---|---|
| FIXED DEPOSIT ACCOUNTS<br>AMERINDO INTERNATIONAL VENTURE FIXED<br>DEPOSIT FUND (GUARANTEED @ 15%<br>PER ANNUM) | | $1,600,625 |
| EQUITIES<br>AMERINDO TECHNOLOGY GROWTH FUND (ATGF)<br>160,984.27 SHARES | $11.6096 | $1,868,963 |
| EXTERNAL CUSTODY ACCOUNTS | | |
| MISCELLANEOUS/CASH<br>SHORT TERM INVESTMENT FUND MADE UP OF: BALANCE OF $2.3MM<br>DEPOSIT WAITING INVESTMENT INTO ATGF, CURRENTLY IN<br>MONEY MARKET FUND, PLUS NET INTEREST EARNED FROM<br>THESE FUNDS.  ADJUSTED FOR WITHDRAWALS AND ACCRUED<br>INTEREST TO 02.29.92 | | $   761,457 |
| TOTAL | | $4,231,045 |

# AMERINDO INVESTMENT ADVISORS INC.

17A CURZON STREET
LONDON W1Y 7FE
TEL: 629 2349
TLX: 291735 AML UK

## STATEMENT OF ACCOUNT

Dr. Herbert Mayer & Family
One Candina Street, Apt. 3
Condado
Santurce
Puerto Rico 00907

| Client Account Number | Reference |
|---|---|
| 0488-F1F-178 | F |

| Statement Period | |
|---|---|
| Opening 02.29.92 | Closing 03.31.92 |

| Closing Account Balances | |
|---|---|
| Cash SHORT TERM INVESTMENT $ 759,663 | Equities $1,803,491 |
| Fixed Deposits $1,600,625 | External ----- |

| Financial Account Summary |
|---|
| $4,163,779 |

| Type of Investment | Price | Amount |
|---|---|---|
| FIXED DEPOSIT ACCOUNTS | | |
| AMERINDO INTERNATIONAL VENTURE FIXED DEPOSIT FUND (GUARANTEED @ 15% PER ANNUM) | | $1,600,625 |
| EQUITIES | | |
| AMERINDO TECHNOLOGY GROWTH FUND (ATGF) 160,984.27 SHARES | $11.2029 | $1,803,491 |
| EXTERNAL CUSTODY ACCOUNTS | | |
| MISCELLANEOUS/CASH SHORT TERM INVESTMENT FUND MADE UP OF: BALANCE OF $2.3MM DEPOSIT WAITING INVESTMENT INTO ATGF, CURRENTLY IN MONEY MARKET FUND, PLUS NET INTEREST EARNED FROM THESE FUNDS.  ADJUSTED FOR WITHDRAWALS AND ACCRUED INTEREST TO 03.31.92 | | $  759,663 |
| TOTAL | | $4,163,779 |

54 692

# AMERINDO INVESTMENT ADVISORS INC.

17A CURZON STREET
LONDON W1Y 7FE
TEL: 629 2349
TLX: 291735 AML UK

## STATEMENT OF ACCOUNT

Dr. Herbert Mayer & Family
One Candina Street, Apt. 3
Condado
Santurce
Puerto Rico 00907

| Client Account Number | Reference |
|---|---|
| 0488-F1F-178 | F |

| Statement Period | |
|---|---|
| Opening  04.01.92 | Closing  04.30.92 |

| Closing Account Balances | |
|---|---|
| ≿≿≿ SHORT TERM INVESTMENT | Equities |
| $  759,663 | $1,803,491 |
| Fixed Deposits | External |
| $1,600,625 | ------ |

Financial Account Summary
$4,163,779

| Type of Investment | Price | Amount |
|---|---|---|
| FIXED DEPOSIT ACCOUNTS AMERINDO INTERNATIONAL VENTURE FUND DEPOSIT FUND (GUARANTEED @ 15% PER ANNUM | | $1,600,625 |
| EQUITIES AMERINDO TECHNOLOGY GROWTH FUND (ATGF) 160,984.27 SHARES | $11.2029 | $1,803,491 |
| EXTERNAL CUSTODY ACCOUNTS | | |
| MISCELLANEOUS/CASH SHORT TERM INVESTMENT FUND MADE UP OF: BALANCE OF $2.3MM DEPOSIT WAITING INVESTMENT INTO ATGF, CURRENTLY IN MONEY MARKET FUND, PLUS NET INTEREST EARNED FROM THESE FUNDS.  ADJUSTED FOR WITHDRAWALS AND ACCRUED INTEREST TO 04.30.92. | | $  759,663 |
| TOTAL | | $4,163,779 |

# AMERINDO INVESTMENT ADVISORS INC.

17A CURZON STREET
LONDON W1Y 7FE
TEL: 629 2349
TLX: 291735 AML UK

## STATEMENT OF ACCOUNT

Dr. Herbert Mayer & Family
One Candina Street, Apt. 3
Condado
Santurce
Puerto Rico 00907

| Client Account Number | Reference |
|---|---|
| 0488-F1F-178 | F |

| Statement Period | |
|---|---|
| Opening  05.01.92 | Closing  05.31.92 |
| Closing Account Balances | |

| XXxh SHORT TERM INVESTMENT<br>$  759,663 | Equities<br>$1,803,491 |
|---|---|
| Fixed Deposits<br>$1,600,625 | External<br>------ |

| Financial Account Summary |
|---|
| $4,163,779 |

| Type of Investment | Price | Amount |
|---|---|---|
| FIXED DEPOSIT ACCOUNTS<br>AMERINDO INTERNATIONAL VENTURE FUND<br>DEPOSIT FUND (GUARANTEED @ 15%<br>PER ANNUM | | $1,600,625 |
| EQUITIES<br>AMERINDO TECHNOLOGY GROWTH FUND (ATGF)<br>160,984.27 SHARES | $11.2029 | $1,803,491 |
| EXTERNAL CUSTODY ACCOUNTS | | |
| MISCELLANEOUS/CASH<br>SHORT TERM INVESTMENT FUND MADE UP OF: BALANCE<br>OF $2.3MM DEPOSIT WAITING INVESTMENT INTO ATGF,<br>CURRENTLY IN MONEY MARKET FUND, PLUS NET INTEREST<br>EARNED FROM THESE FUNDS.  ADJUSTED FOR WITHDRAWALS<br>AND ACCRUED INTEREST TO 05.31.92. | | $  759,663 |
| TOTAL | | $4,163,779 |

EXHIBIT L

**AMERIND0**
INVESTMENT ADVISORS INC.

*London Office*
*Tel: 071 629 2349*
*Fax: 071 493 5158*

# FACSIMILE

| | |
|---|---|
| **TO:** | LISA |
| **FROM:** | Renata |
| **FAX NO:** | 00 1 809 723 1521 |
| **DATE:** | MAY 2, 1995 |
| **RE:** | |

---

Dear Lisa:

As discussed please wire your funds to:

> CITIBANK NA
> 20 Exchange Place
> New York, N.Y. 10004

Credit to:        Bear, Stearns & Co

A/C #:            09253186

For Further Cr to:    Amerindo

A/C #:            102-01495

Amount:

Please advise me of the correct amount sent.

I shall write to you confirming our today's conversation as soon as we will receive your funds.

With kind regards to you, your Dad and Marissa,

Renata lePort

GOVERNMENT
EXHIBIT
8223
05 Cr. 621 (RJS)        (ID)

AUK-32-02295

#  96  81  51
Value  5|2|95



## SOLICITUD PARA TRANSFERENCIA DE FONDOS
### *Application for Funds Transfer*

Central Hispano
Puerto Rico

(Favor de complementar a maquinilla o letra de molde)/*(Please type or print)*

Sucursal/*Branch*: SANTURCE                                   Fecha/*Date*: 5-2-95

Señores/*Gentlemen*:

Favor de efectuar una transferencia según se indica abajo/*(Please effect a transfer as indicated hereunder)*:

CIENTO CINCUENTA Y UN MIL***************************************************************
                                   *Cantidad en letras/Amount in words*

Clase de moneda/*Kind of Currency*: _____ N/A   Cantidad en números/*Amount in figures* $ 151,000.00

Cambio/*Rate*: _____                 Cargos de cable/*Cable Charges* $   10.00

                                        Comisión/*Commission* $  100.00

                                                 Total $ 151,110.00

### INFORMACION DEL ORDENANTE/*(Applicant's Information)*:

Nombre/*Name*:   LISA MAYER

Dirección/*Address*:   CALLE CANDINA I APT. 3 SANTURCE, P.R. 00907

### INFORMACION DEL BENEFICIARIO/*(Beneficiary's Information)*:

Nombre/*Name*:   BEAR STEARNS & CO

Dirección/*Address*:   1  Metrotech Center Brooklyn, New York 11201-3859

Banco/*Bank*:   CITIBANK NA

Dirección/*Address*:   20 EXCHANGE PLACE NEW YORK   10004

Número de ruta/*ABA Routing Number*:

Número de cuenta/*Account Number*:   09253186

Otra información/*Other Information*:   For Further Credit to Amerindo A/6  102-01495

### LLENE ESTE ENCASILLADO UNICAMENTE SI APLICA/*(Fill in this section only if applicable)*

Banco Corresponsal del Banco del Beneficiario
*Correspondent Bank of Beneficiary's Bank*:

Dirección/*Address*:

Número de Ruta/*ABA Routing Number*:

ESTA TRANSACCION SE EFECTUA SUJETA A LAS CONDICIONES EN EL REVERSO/*THIS TRANSACTION IS SUBJECT TO CONDITIONS ON REVERSE.*

007-19348-2                    FIRMA
Número de cuenta/*Account Number*    CONFORME                Firma del Ordenante/*Applicant Signature*

### PARA USO DEL BANCO SOLAMENTE/*For Bank use Only*

Preparado por/*Prepared by*        Verificado por/*Verified by*        Autorizado por/*Authorized by*

# AMERINDO INVESTMENT ADVISORS INC.

One Embarcadero, Suite 2300
San Francisco, C A 94111 - 3162
Tel: (415) 362-0292
Fax: (415) 362-0533

43 Upper Grosvenor Street
London W1X 9PG
Tel: (071) 629-2349
Fax: (071) 493-5158

# FACSIMILE

TO:             LISA

FROM:           Renata

FAX NO:         00 1 809 723 1521

DATE:           JUNE 9, 1995

---

Dear Lisa,

This is to confirm our telephone conversation. We are pleased to acknowledge receiving your funds in the amount of $151,000, value date May 3, 1995.

A new Fixed Rate Deposit Account has been opened for you, at the confirmed rate of 13% per annum. You will be paid your interest on a monthly basis, which is within the first 3 working days of the following month. Your interest for the month of May from this account is $1,448 and thereafter $1,548.

As promised, we shall review your investments with us and providing the stock market is buoyant, we will try to increase this interest rate by 0.5%. As discussed we do not guarantee this will happen, however, we will try our best. As you know, you are already receiving preferential rates on all of your accounts.

Should you have any questions concerning the above, please do not hesitate to contact us.

With kind regards,

Renata Le Port

GOVERNMENT
EXHIBIT
8224
05 Cr. 621 (RJS)   (ID)

AUK-32-02287

# AMERINDO INVESTMENT ADVISORS INC.

17A CURZON STREET
LONDON W1Y 7FE
TEL: 629 2349
TLX: 291735 AML UK

## STATEMENT OF ACCOUNT

HEBA INC.

| | | | |
|---|---|---|---|
| | Statement Period | | |
| Opening | 05.01.95 | Closing | 05.31.95 |
| | Closing Account Balances | | |
| Cash | | Equities | |
| ---------- | | ---------- | |
| Fixed Deposits $4,002,689.00 | | External $3,455,255.87 | |
| | Financial Account Summary $7,457,944.87 | | |

| Client Account Number 0488-F1F-178 | Reference F |
|---|---|

| Type of Investment | Price | Amount |
|---|---|---|
| FIXED DEPOSIT ACCOUNTS | | |
| AMERINDO INTERNATIONAL VENTURE FUND DEPOSIT FUND (GUARANTEED @ 15% PER ANNUM) | | $1,600,625.00 |
| AMERINDO FIXED RATE DEPOSIT FUND (GUARANTEED @ 13.75% PER ANNUM) | | $1,022,786.00 |
| EQUITIES | | |
| AMERINDO TECHNOLOGY GROWTH FUND (ATGF) 179,913.00 SHARES | $18.0935 | $3,255,255.87 |
| 18,181.82 SHARES OF INTOUCH GROUP SERIES D PREFERRED STOCK | $11.00 | $ 200,000.00 |
| EXTERNAL CUSTODY ACCOUNTS | | |
| AMERINDO FIXED RATE DEPOSIT FUND (GUARANTEED @ 13% PER ANNUM) | | $ 151,000.00 |
| MISCELLANEOUS/CASH | | |
| AMERINDO FIXED RATE DEPOSIT FUND (GUARANTEED @ 13.5% PER ANNUM) | | $ 928,278.00 |
| AMERINDO FIXED RATE DEPOSIT FUND (GUARANTEED @ 13% PER ANNUM) | | $ 300,000.00 |
| TOTAL | | $7,457,944.87 |



GOVERNMENT EXHIBIT 8256
05 Cr. 621 (RJS)   (ID)

AUK-32-02288

# AMERINDO INVESTMENT ADVISORS INC.

17A CURZON STREET
LONDON W1Y 7FE
TEL: 629 2349
TLX: 291735 AML UK

## STATEMENT OF ACCOUNT

HEBA INC.

| Statement Period | | |
|---|---|---|
| Opening 07.01.95 | | Closing 07.31.95 |

| Closing Account Balances | |
|---|---|
| Cash | Equities |
| ----------- | ----------- |
| Fixed Deposits $4,002,689.00 | External $4,208,843.60 |

Financial Account Summary
$8,211,532.60

Client Account Number
0488-F1F-178

Reference
F

| Type of Investment | Price | Amount |
|---|---|---|
| FIXED DEPOSIT ACCOUNTS | | |
| AMERINDO INTERNATIONAL VENTURE FUND DEPOSIT FUND (GUARANTEED @ 15% PER ANNUM) | | |
| AMERINDO FIXED RATE DEPOSIT FUND (GUARANTEED @ 13.75% PER ANNUM) | | $1,600,625.00 |
| EQUITIES | | $1,022,786.00 |
| AMERINDO TECHNOLOGY GROWTH FUND (ATGF) 179,913.00 SHARES | | |
| 18,181.82 SHARES OF INTOUCH GROUP SERIES D PREFERRED STOCK | $22.2804 | $4,008,533.60 |
| EXTERNAL CUSTODY ACCOUNTS | $11.00 | $  200,000.00 |
| AMERINDO FIXED RATE DEPOSIT FUND (GUARANTEED @ 13% PER ANNUM) | | |
| | | $  151,000.00 |
| MISCELLANEOUS/CASH | | |
| AMERINDO FIXED RATE DEPOSIT FUND (GUARANTEED @ 13.5% PER ANNUM) | | |
| AMERINDO FIXED RATE DEPOSIT FUND (GUARANTEED @ 13% PER ANNUM) | | $  928,278.00 |
| | | $  300,000.00 |
| TOTAL | | |
| | | $8,211,532.60 |

EXHIBIT M

# AMERINDO INVESTMENT ADVISORS, INC.

Sucre Building
Calle 48 Este Bella Vista
P.O. Box 5168, Panama 5, Panama
Tel: (507) 264-9673
Fax: (507) 264-9667

August 6, 1998

Ms Monique A. Frazier
Keba Incorporated
Charlotte House
Charlote Street
P.O. Box N-65
Nassau, Bahamas

Dear Monique:

Further to our telephone conversation we are pleased to confirm your July investments with
Amerindo Investment Advisors, Inc.

**Amerindo Technology Growth Fund**

Bear Stearns, our custodian bank, confirmed receiving the following funds in the above
account on July 15 and July 21, 1998.

| | |
|---|---|
| Date: | July 15, 1998 |
| Amount Invested: | $2,000,000 |
| Net Asset Value @07/15/98: | $38.2057 |
| Number of Shares Purchased: | 52,348.2 |
| Date: | July 31, 1998 |
| Amount Invested: | $500,000 |
| Net Asset Value @07/31/98: | $34.5678 |
| Number of Shares Purchased: | 14,464.32 |
| **Total Number of shares:** | **66,812.52** |



GOVERNMENT
EXHIBIT
**3361-3**
05 Cr, 621 (RJS)

A share certificate in the name of KEBA has been requested. It takes approximately 6 weeks for the share certificate to be issued. Please advise us if you wish us to keep the original share certificate in our safekeeping, an option most our clients choose, receiving a copy for their files.

For your information the Fund is valued twice a month: on the 15th and the last working day of each month. These are the only dates when the Fund can be transacted. In the event of redemption, please note that it takes about 3 weeks after the redemption date for the proceeds to be available to us.

Please be advise that you will be receiving a Quarterly Report from us which will give you a summary of the market performance, our forecast for the next quarter as well as the latest past three months comparison of the Fund performance versus other large funds


## Guaranteed Fixed Rate Deposit

Our custodian bank confirmed receiving $1,350,000 for the benefit of the above account, value date July 21, 1998.

As already agreed this investment will earn interest at 14% per annum. Since you have opted for monthly withdrawals of your interest earned this will produce an effective rate of 1.09788 % per month.

In order to simplify the monthly payments this new amount will be included in your current payment due on the first **working** day of each following month. The August payment will be slightly higher than the subsequent payments as it will account for the 10 days interest earned in July.

Please note that this does not alter your maturity date for your already existing Fixed Rate Deposit, which is December 31, 1998.

Your new Fixed Rate Deposit is in the name of **Zela Co Ltd.**

Should you have any questions regarding the above please do not hesitate to contact us.

With kind regards.

Sincerely yours,

Renata LePort

# AMERINDO INVESTMENT ADVISORS, INC.

Sucre Building
Calle 48 Este Bella Vista
P.O. Box 5168, Panama 5, Panama
Tel: (507) 264-9673
Fax: (507) 264-9667

August 11, 1998

Ms Monique A. Frazier
Keba Incorporated
Charlotte House
Charlote Street
P.O. Box N-65
Nassau, Bahamas

Dear Monique:

Further to our letter of August 6, 1998 please note the following corrections:

1. **Amerindo Technology Growth Fund**
   We have cancelled your admission to the Fund in the amount of $500,000 on July 31, 1998 based upon your further correspondence. You have now a total number of **52,348.2** shares in the above fund.

2. **Fixed Rate Deposit Account**
   We have just received a written confirmation from Bear Stearns, our custodian informing us that your funds in the amount of $1,350,000 were received on July 23, not July 21, as your agreement with us states. Therefore, please be advised that your interest earned for July will in effect be for 8 days rather than 10 as stated in our previous letter.

   Your funds in the amount of $500,000 have been transferred to Fixed Rate Deposit value date July 21, 1998. The rate of return for this account will be 14% per annum, adjusted for the early monthly interest withdrawals:1.09788% per month.

3. Bear Stearns confirmed receiving $375,000 on August 6, 1998. Your funds were invested in the Fixed Rate Deposit Account at 14% per annum, interest earned payable on monthly basis. The monthly rate of return is 1.09788%

As already stated, your interest payment in August will include the interest earned on your new admissions to the Fixed Rate Account in July.

Should you have any questions regarding the above please do not hesitate to contact us.

With kind regards,

Renata LePort

GOVERNMENT
EXHIBIT
3361-47
05 Cr. 621 (RJS)   (ID)

AUK-30-00494

EXHIBIT N



Funds Deposited by Certain GFRDA Investors Into Bear Stearns Accounts

1995-2000

Techno-Raquia
Acct # 102-17995
$39,967,173.86

Bear Stearns Accounts

ATGF II
Acct # 102-01495
$651,000

Certain GFRDA Investors Who Deposited
Funds into Bear Stearns Accounts

The Mayer Family, Dade & Shirley Chann, Debra Holdings
Ltd, Idra Gotsein, Dytri, Paragon Ventures, Worldwide Tops
Ltd, Pelican Trust

$50,618,173.86

M26
Acct # 102-01485
$10,000,000



ATGF I
Acct # 102-01490
$5,000,000



GOVERNMENT
EXHIBIT
8202
01-Cr.-621 (RJS)
(1D)

Funds Deposited By Certain GFRDA Investors Into Bear Stearns Accounts

| Investor | Date | Amount | Bear Stearns Acct # | Acct Name | Gov Exhibit # |
|---|---|---|---|---|---|
| Techno- Raquia BS 102-17995 | | | | | |
| Mayers | 07/23/98 | $1,350,000.00 | 102-17995 | Techno-Raquia | 3361-3, 3361-47, 716-13 |
| Mayers | 08/06/98 | $375,000.00 | 102-17995 | Techno-Raquia | 3361-47, 8225, 716-7 |
| Mayers | 10/07/98 | $100,000.00 | 102-17995 | Techno-Raquia | 3359-11, 716-8 |
| Mayers | 06/15/00 | $1,000,000.00 | 102-17995 | Techno-Raquia | 3361-5, 716-9 |
| Mayers | 07/06/00 | $1,000,000.00 | 102-17995 | Techno-Raquia | 3361-8, 716-10 |
| Crain | 11/17/97 | $400,000.00 | 102-17995 | Techno-Raquia | 8220, 8221, 716-G-1 |
| Dextra Holdings Ltd | 07/15/98 | $11,242,228.86 | 102-17995 | Techno-Raquia | 3363-14, 716-13 |
| Tara Colburn | 02/09/00 | $1,000,000.00 | 102-17995 | Techno-Raquia | 3331-15, 479, 481, 716-1 |
| Lynx | 12/21/00 | $5,999,980.00 | 102-17995 | Techno-Raquia | 7000-1-A, 2096-D, 716-12 |
| Paragon Ventures | 12/12/97 | $5,999,980.00 | 102-17995 | Techno-Raquia | 3330-20, 3330-6, 716-5, 8227 |
| Worldwide Tops Ltd. | 04/30/99 | $9,999,985.00 | 102-17995 | Techno-Raquia | 3310-3, 3310-2, 716-11, 3310-1 |
| Pelican Trust | 01/13/98 | $1,500,000.00 | 102-17995 | Techno-Raquia | 3325-E, 3325-F, 716-16, 3325-G |
| Total | | $39,967,173.86 | | | |
| ATGF II BS 102-01495 | | | | | |
| Mayers | 05/02/95 | $151,000.00 | 102-01495 | ATGF II | 8223, 8224, 721-1, Tanaka GA, 8256, 8257 |
| Mayers | 07/21/98 | $500,000.00 | 102-01495 | ATGF II | 3361-3,3361-47, 721-2 |
| Total | | $651,000.00 | | | |
| M26 BS 102-01485 | | | | | |
| Dextra Holdings Ltd | 04/24/97 | $5,000,000.00 | 102-01485 | M26 / ATGF I | 3362-5,3362-12, 703-1, 703-2, 712-1 |
| Dextra Holdings Ltd | 06/19/97 | $5,000,000.00 | 102-01485 | M26 | 3362-7A, 703-3, 3362-13 |
| Total | | $10,000,000.00 | | | |
| Total Deposits | | $50,618,173.86 | | | |



Funds Deposited By Certain GFRDA Investors Into Bear Stearns Accounts

| Investor | Date | Amount | Bear Stearns Acct # | Acct Name | Gov Exhibit # |
|---|---|---|---|---|---|
| Mayers | 05/02/95 | $151,000.00 | 102-01495 | ATGF II | 8223, 8224, 721-1, Tanaka GA, 8256, 8257 |
| Mayers | 07/21/98 | $600,000.00 | 102-01495 | ATGF II | 3361-3,3361-47, 721-2 |
| Mayers | 07/23/98 | $1,350,000.00 | 102-17995 | Techno-Raquia | 3361-3, 3361-47, 716-13 |
| Mayers | 08/06/98 | $375,000.00 | 102-17995 | Techno-Raquia | 3361-47, 8225, 716-7 |
| Mayers | 10/07/98 | $100,000.00 | 102-17995 | Techno-Raquia | 3359-11, 716-8 |
| Mayers | 06/15/00 | $1,000,000.00 | 102-17995 | Techno-Raquia | 3361-5, 716-9 |
| Mayers | 07/06/00 | $1,000,000.00 | 102-17995 | Techno-Raquia | 3361-8, 716-10 |
| Crain | 11/17/97 | $400,000.00 | 102-17995 | Techno-Raquia | 8220, 8221, 716-G-1 |
| Dextra Holdings Ltd | 04/24/97 | $5,000,000.00 | 102-01485 | M26 / ATGF I | 3362-5,3362-12, 703-1, 703-2, 712-1 |
| Dextra Holdings Ltd | 06/19/97 | $5,000,000.00 | 102-01485 | M26 | 3362-7A, 703-3, 3362-13 |
| Dextra Holdings Ltd | 07/15/98 | $11,242,228.86 | 102-17995 | Techno-Raquia | 3363-14, 716-13 |
| Tara Colburn | 02/09/00 | $1,000,000.00 | 102-17995 | Techno-Raquia | 3331-15, 479, 481, 716-1 |
| Lynx | 12/21/00 | $5,999,980.00 | 102-17995 | Techno-Raquia | 7001-A, 2096-D, 716-12 |
| Paragon Venturs | 12/12/97 | $5,999,980.00 | 102-17995 | Techno-Raquia | 3330-20, 3330-6, 716-5, 8227 |
| Worldwide Tops Ltd. | 04/30/99 | $9,999,985.00 | 102-17995 | Techno-Raquia | 3310-3, 3310-2, 716-11, 3310-1 |
| Pelican Trust | 01/13/98 | $1,500,000.00 | 102-17995 | Techno-Raquia | 3325-E, 3325-F, 716-16, 3325-G |
| Total Deposits | | $50,618,173.86 | | | |

EXHIBIT O

4532

8B6ZVIL1

1    UNITED STATES DISTRICT COURT

1    SOUTHERN DISTRICT OF NEW YORK

2    ------------------------------x

2

3    UNITED STATES OF AMERICA,

3

4            v.                          05 Cr. 621 (RJS)

4

5    ALBERTO VILAR and GARY TANAKA,

5

6                Defendants.

6

7    ------------------------------x

7

8

8                                   November 6, 2008

9                                   9:10 a.m.

9

10

10   Before:

11

11                HON. RICHARD J. SULLIVAN,

12

12                                   District Judge

13

13

14                      APPEARANCES

```
14

15   MICHAEL J. GARCIA

15        United States Attorney for the

16        Southern District of New York

16   BY:  MARC LITT

17        JOSHUA KLEIN

17        BENJAMIN NAFTALIS

18        Assistant United States Attorneys

18

19   FAHRINGER & DUBNO, P.L.L.C.

19        Attorneys for Defendant Vilar

20   BY:  HERALD PRICE FAHRINGER

20        ERICA DUBNO

21

21   WILSON, SONSINI, GOODRICH & ROSATI

22        Attorneys for Defendant Tanaka

22   BY:  GLENN C. COLTON

23        JESSICA MARGOLIS

23

24

25
```

4590

8b6evil2                          Wraga - direct

1        THE COURT:  Take a moment with Mr. Klein, and if

2    there's something I'm missing, then I'm happy to do a side bar.

3    But I haven't heard any objectionable questions yet.

4        (Pause)

5    BY MR. KLEIN:

6    Q.  Ms. Wraga, I had just asked you a few questions about

7    whether you had seen documentation indicating that investors

8    put money into the Bear Stearns accounts for investments other

9    than the GFRDA program.  Do you remember that?

10   A.  Yes.

11   Q.  And I had asked you whether you had identified some

12   documentation to show that some of those investors had

13   transferred some money out of some of those investments into

14   the GFRDA program.  Do you remember that?

15   A.  Sure.

16   Q.  And the answer was that, yes, you had seen such

17   documentation?

18   A.  Yes.

19   Q.  Did you review the Bear Stearns account statements for the

20   accounts identified in 8202 for the time period that you saw

21   documentation showing investments being shifted from other

22   investments into the GFRDA program?

23   A.  Yes, I have.

24   Q.  And what did you find about whether moneys were transferred

25   out of the Bear Stearns accounts at or about the time that such

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300

4591

8b6evil2                         Wraga - direct

1    investments were being shifted into the GFRDA program?
2              MR. COLTON:  Object to the word "find," your Honor.
3    Q.  What did the documents show, the documents that you
4    reviewed show about whether funds were being shifted out of
5    Bear Stearns at or about the time that investors were shifting
6    investments from other investment programs into the bear --
7    into the GFRDA investment?
8    A.  I didn't see any shifts of funds.  I didn't see any funds
9    coming in or going out, out of these accounts, in that amount.
10   Q.  Now, when you say you didn't see any funds going in, did
11   you see see funds going into these accounts at certain times
12   that related to other investments besides the GFRDA?
13   A.  Yes.
14   Q.  And what did you mean when you said I didn't see any funds
15   coming in or going out?
16   A.  Well, when you asked me about the shifting, say if the
17   investor was shifting 100,000, I didn't see 100,000 being
18   deposited into the accounts or being transferred out of the
19   account.
20   Q.  So just to make sure it's clear, let's say that you saw
21   documentation showing $100,000 going into the Techno Raquia
22   account that related to the ATGF investment.
23   A.  Yes.
24   Q.  And let's say you then saw some documentation later on
25   showing that that hundred thousand dollars was being shifted

                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

4592

8b6evil2                    Wraga - direct

1   from the ATGF investment to the GFRDA investment.

2   A.  Right.

3   Q.  What did the account statements show for the period in

4   which the investment was being shifted from ATGF to GFRDA about

5   whether funds were coming in and out?

6           MR. COLTON:  Objection to having the witness testify

7   about findings about hypothetical situation, your Honor.  This

8   is well beyond what this type of witness should be doing.

9           THE COURT:  Overruled.  I'm going to allow that

10  question.

11          MR. KLEIN:  You can answer, Ms. Wraga.

12  A.  There was no transfers in or out about that time in the

13  amount that was shifted.

14  Q.  Now, Government Exhibits 8202 and 8202-B, they don't

15  identify moneys paid by Amerindo back to GFRDA investors, do

16  they?

17  A.  They do not.

18  Q.  Did you review documents showing that moneys were paid by

19  Amerindo to GFRDA investors?

20  A.  Yes, I have.

21  Q.  Is it fair to say that those moneys were in the many tens

22  of millions of dollars?

23  A.  That's fair to say.

24  Q.  Is it fair to say you saw documents showing -- well, what

25  did you see in the documents you reviewed about whether

                SOUTHERN DISTRICT REPORTERS, P.C.

                        (212) 805-0300

EXHIBIT P

Form 27 - GENERAL PURPOSE                                                                                                   NI

**BEGOS HORGAN &BROWN LLP**   BEGOS HORGAN &BROWN LLP
SUPREME COURT NEW YORK COUNTY STATE OF NEW YORK
--------------------------------------------------------
LISA MAYER, DEBRA MAYER, DABA,INC. AND ABA,INC.                    Index No. 603234/04
                                              PLAINTIFF            Date Filed
                            - vs -

ALBERTO VILAR ETAL
                                              DEFENDANT            Office No.
                                                                  Court Date. **05/07/2012**
--------------------------------------------------------
                 STATE OF NEW YORK, COUNTY OF NEW YORK :SS:

**RUDOLPH WRIGHT** being duly sworn, deposes and says; I am over 18 years of age, not a party to
this action, and reside in the State of New York. That on the **19TH** day of **APRIL, 2012 09:50
AM** at
           %CT CORPORATION 111 8TH AVE. 13TH FL
           NEW YORK NY
I served a true copy of the **SUBPOENA DUCES TECUM,RESTRAINING NOTICE TO GARNISHEE**
upon **JP MORGAN CHASE &CO. (F/K/A BEAR STEARNS &CO.,INC)**
the **WITNESS** therein named by delivering to, and leaving personally with
**AIXA FLORES , CLERK AUTHORIZED TO ACCEPT**
a true copy of each thereof. **At the same time a fee of $18.00 was paid.**
           Deponent describes the person served as aforesaid to the best of
deponent's ability at the time and circumstances of the service as follows.

                 SEX: **FEMALE** COLOR: **BROWN** HAIR: **BROWN**
                 APP.AGE: **45** APP. HT: **5/6** APP. WT: **130**
                 OTHER IDENTIFYING FEATURES
                 **GLASSES**


COMMENTS :


Sworn to before me this
23RD day of APRIL, 2012


KENNETH WISSNER
Notary Public, NEW YORK
  01WI4714190
Qualified in NEW YORK
Commission Expires 03/30/2014

RUDOLPH WRIGHT 1022795
AETNA JUDICIAL SERVICE INC
225 BROADWAY, SUITE 1802
NEW YORK, NY, 10007
Reference No: 2-BHB-200923

EXHIBIT Q

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

LISA MAYER, DEBRA MAYER, DABA, INC. and ABA,
INC.,

             Plaintiffs,

        – against –

ALBERTO VILAR, GARY TANAKA, AMERINDO
INVESTMENT ADVISORS, INC. (U.S.), AMERINDO
INVESTMENT ADVISORS, INC. (PANAMA),

             Defendants.

-------------------------------------------------------------------x

Index No. 603234/04

**Execution With Notice to
Garnishee**

The People of the State of New York to the Sheriff of Any County, Greeting

      WHEREAS, in an action in the Supreme Court of the State of New York, County of New York, between LISA MAYER, DEBRA MAYER, DABA, INC. and ABA, INC., as plaintiffs and ALBERTO VILAR, GARY TANAKA, AMERINDO INVESTMENT ADVISORS, INC. (U.S.), AMERINDO INVESTMENT ADVISORS, INC. (PANAMA), as defendants who are all the parties named in the action, a judgment was entered on October 28, 2011 in favor of plaintiffs as judgment creditors, and against all defendants as judgment debtors in the amount of $19,133,299.78, of which $19,133,299.78, together with interest from October 28, 2011 remains due and unpaid; and

      WHEREAS, a supplemental judgment was entered on April 18, 2012 in favor of plaintiffs as judgment creditors and against the following defendants, as judgment debtors:
1.    ALBERTO VILAR, in the amount of $2,530,909.21, of which $2,530,909.21, together with interest from April 18, 2012 remains due and unpaid; and
2.    AMERINDO INVESTMENT ADVISORS, INC. (U.S.), AMERINDO INVESTMENT ADVISORS, INC. (PANAMA), in the amount of $759,489.30, of which $759,489.30, together with interest from April 18, 2012 remains due and unpaid; and
3.    AMERINDO INVESTMENT ADVISORS, INC. (U.S.), AMERINDO INVESTMENT ADVISORS, INC. (PANAMA), directing them to transfer and deliver to judgment creditors 243,902.43 shares of Intouch, Inc. Series A Preferred stock; and

      WHEREAS, it appears that you owe a debt to one or more of the judgment debtors and/or are in possession or in custody of property in which one or more of the judgment debtors has an interest, including, but not limited to, one or more of the following:

1.  J.P. Morgan Securities LLC Account Nos. 102-25612, 102-25590; 102-17995; 102-15833;102-05012; 102-01495;  102-01490; and 102-01485; and/or

2.  J.P. Morgan Securities LLC Bear Stearns & Co., Inc. Accounts in the name of Gary Tanaka; and/or

3.  243,902.43 shares of Intouch, Inc. Series A Preferred Stock.

NOW, THEREFORE, WE COMMAND YOU to satisfy the said judgment out of the real and personal property of the above named judgment debtors and the debts due to any of them; and that only the property in which a judgment debtor who is not deceased has an interest or the debts owed to him shall be levied upon or sold hereunder; AND TO RETURN this execution to the clerk of the above-captioned court within 60 days of the issuance of this Execution unless service of this execution is made within that time or within extensions of that time made in writing by the attorneys for the judgment creditors.

Pursuant to CPLR 5205(l), $2,625 of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in CPLR 5205(l)(2), is exempt from execution and the garnishee cannot levy upon or restrain $2,625 in any such account.

Pursuant to CPLR § 5222(i), an execution shall not apply to an amount equal to or less than 90% of the greater of 240 times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or 240 times the state minimum hourly wage prescribed in Labor Law § 652 as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

Pursuant to CPLR 5232(c), notice in the form presented by CPLR 5222(e) has been duly served upon judgment debtors within a year.

### Notice to Garnishee

To:  J.P. Morgan Securities LLC
     One Chase Plaza
     New York, NY
     Attention: Crystal Rollins at "Legal Papers Served"

WHEREAS, it appear that you are indebted to one or more of the judgment debtors named above, or in possession or custody of property not capable of delivery in which one or more of the judgment debtors has an interest, including, but not limited to, the following specified debt and property:

1.  J.P. Morgan Securities LLC Account Nos. 102-25612, 102-25590; 102-17995; 102-15833;102-05012; 102-01495;  102-01490; and 102-01485; and/or

2.  J.P. Morgan Securities LLC Bear Stearns & Co., Inc. Accounts in the name of Gary Tanaka; and/or

3.  243,902.43 shares of Intouch, Inc. Series A Preferred Stock.

NOW THEREFORE, YOU ARE REQUIRED, by CPLR 5232(a) to transfer to the sheriff all personal property not capable of delivery in which any of the judgment debtors is known or believed to have an interest now in or hereafter coming into your possession or custody including any property specified in this notice; and to pay to the sheriff upon maturity all debts now due or hereafter coming due from you to any of the judgment debtors, including any debts specified in this notice; and to execute any documents necessary to effect such transfer or payment;

AND TAKE NOTICE that until such transfer or payment is made or until the epiration of 90 days after the service of this execution upon you or such further time as is provided by any order of the court, whichever is earlier, you are forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court;

AND TAKE FURTHER NOTICE that at the expiration of 90 days after a levy is made by service of this execution, or of such other time as the court upon motion of the judgment creditor has provided, this levy shall be void except a to property or debts which have been transferred or paid to the sheriff or as to which a proceeding under CPLR 5225 or 5227 has been brought.

Dated:     June 6, 2012

BEGOS HORGAN & BROWN LLP

By: _____
    Patrick W. Begos
Attorneys for Judgment Creditor
2425 Post Road - Suite 205
Southport, CT 06890
(203) 254-1900
pwb@begoshorgan.com

3

EXEMPTION NOTICE
as required by New York Law
YOUR BANK ACCOUNT IS RESTRAINED OR "FROZEN"

The attached Restraining Notice or notice of Levy by Execution has been issued against your bank account. You are receiving this notice because a creditor has obtained a money judgment against you, and one or more of your bank accounts has been restrained to pay the judgment. A money judgment is a court's decision that you owe money to a creditor. You should be aware that FUTURE DEPOSITS into your account(s) might also be restrained if you do not respond to this notice.

You may be able to "vacate" (remove) the judgment. If the judgment is vacated, your bank account will be released. Consult an attorney (including free legal services) or visit the court clerk for more information about how to do this.

Under state and federal law, certain types of funds cannot be taken from your bank account to pay a judgment. Such money is said to be "exempt. "

DOES YOUR BANK ACCOUNT CONTAIN ANY OF THE FOLLOWING TYPES OF FUNDS?
1. Social security;
2. Social security disability (SSD);
3. Supplemental security income (SSI);
4. Public assistance (welfare);
5. Income earned while receiving SSI or public assistance;
6. Veterans benefits;
7. Unemployment insurance;
8. Payments from pensions and retirement accounts;
9. Disability benefits;
10. Income earned in the last 60 days (90% of which is exempt);
11. Workers' compensation benefits;
12. Child support;
13. Spousal support or maintenance (alimony);
14. Railroad retirement; and/or
15. Black lung benefits.

If YES, you can claim that your money is exempt and cannot be taken. To make the claim, you must
(a) complete the EXEMPTION CLAIM FORM attached;
(b) deliver or mail the form to the bank with the restrained or "frozen" account; and
(c) deliver or mail the form to the creditor or its attorney at the address listed on the form.

You must send the forms within 20 DAYS of the postmarked date on the envelope holding this notice. You may be able to get your account released faster if you send to the creditor or its attorney written proof that your money is exempt. Proof can include an award letter from the government, an annual statement from your pension, pay stubs, copies of checks, bank records showing the last two months of account activity, or other papers showing that the money in your bank account is exempt. If you send the creditor's attorney proof that the money in your account is exempt, the attorney must release that money within seven days. You do not need an attorney to make an exemption claim using the form."

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

LISA MAYER, DEBRA MAYER, DABA, INC. and    :
ABA, INC.,    :  Index No. 603234/04
        Plaintiffs,    :
    :
   – against –    :  **Exemption Claim Form**
    :
ALBERTO VILAR, GARY TANAKA, AMERINDO    :
INVESTMENT ADVISORS, INC. (U.S.), AMERINDO    :
INVESTMENT ADVISORS, INC. (PANAMA),    :
    :
        Defendants.    :

-------------------------------------------------------------------x

NAME AND ADDRESS OF JUDGMENT CREDITOR OR ATTORNEY:

BEGOS HORGAN & BROWN LLP
2425 Post Road - Suite 205
Southport, CT 06890
(203) 254-1900

NAME AND ADDRESS OF FINANCIAL INSTITUTION

J.P. Morgan Securities LLC
383 Madison Avenue
New York, NY 10179

Directions: To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within twenty days of the date on the envelope holding this notice. **If you have any documents, such as an award letter, an annual statement from your pension, paystubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be released more quickly.

I state that my account contains the following type(s) of funds (check all that apply):
.... Social security
.... Social security disability (SSD)
.... Supplemental security income (SSI)
.... Public assistance
.... Wages while receiving SSI or public assistance
.... Veterans benefits
.... Unemployment insurance
.... Payments from pensions and retirement accounts
.... Income earned in the last 60 days (90% of which is exempt)
.... Child support

.... Spousal support or maintenance (alimony)
.... Workers' compensation
.... Railroad retirement or black lung benefits
.... Other (describe exemption):_____

I request that any correspondence to me regarding my claim be sent to the following address:

_____

(FILL IN YOUR COMPLETE ADDRESS)

I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

DATE

SIGNATURE OF JUDGMENT DEBTOR

EXEMPTION NOTICE
as required by New York Law
YOUR BANK ACCOUNT IS RESTRAINED OR "FROZEN"

The attached Restraining Notice or notice of Levy by Execution has been issued against your bank account. You are receiving this notice because a creditor has obtained a money judgment against you, and one or more of your bank accounts has been restrained to pay the judgment. A money judgment is a court's decision that you owe money to a creditor. You should be aware that FUTURE DEPOSITS into your account(s) might also be restrained if you do not respond to this notice.

You may be able to "vacate" (remove) the judgment. If the judgment is vacated, your bank account will be released. Consult an attorney (including free legal services) or visit the court clerk for more information about how to do this.

Under state and federal law, certain types of funds cannot be taken from your bank account to pay a judgment. Such money is said to be "exempt. "

DOES YOUR BANK ACCOUNT CONTAIN ANY OF THE FOLLOWING TYPES OF FUNDS?
1. Social security;
2. Social security disability (SSD);
3. Supplemental security income (SSI);
4. Public assistance (welfare);
5. Income earned while receiving SSI or public assistance;
6. Veterans benefits;
7. Unemployment insurance;
8. Payments from pensions and retirement accounts;
9. Disability benefits;
10. Income earned in the last 60 days (90% of which is exempt);
11. Workers' compensation benefits;
12. Child support;
13. Spousal support or maintenance (alimony);
14. Railroad retirement; and/or
15. Black lung benefits.

If YES, you can claim that your money is exempt and cannot be taken. To make the claim, you must
(a) complete the EXEMPTION CLAIM FORM attached;
(b) deliver or mail the form to the bank with the restrained or "frozen" account; and
(c) deliver or mail the form to the creditor or its attorney at the address listed on the form.

You must send the forms within 20 DAYS of the postmarked date on the envelope holding this notice. You may be able to get your account released faster if you send to the creditor or its attorney written proof that your money is exempt. Proof can include an award letter from the government, an annual statement from your pension, pay stubs, copies of checks, bank records showing the last two months of account activity, or other papers showing that the money in your bank account is exempt. If you send the creditor's attorney proof that the money in your account is exempt, the attorney must release that money within seven days. You do not need an attorney to make an exemption claim using the form."

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------x
LISA MAYER, DEBRA MAYER, DABA, INC. and    :
ABA, INC.,                                  :    Index No. 603234/04
                        Plaintiffs,         :
                                            :
        – against –                         :    **Exemption Claim Form**
                                            :
ALBERTO VILAR, GARY TANAKA, AMERINDO        :
INVESTMENT ADVISORS, INC. (U.S.), AMERINDO  :
INVESTMENT ADVISORS, INC. (PANAMA),         :
                                            :
                        Defendants.         :
------------------------------------------------------------------------- x

NAME AND ADDRESS OF JUDGMENT CREDITOR OR ATTORNEY:

BEGOS HORGAN & BROWN LLP
2425 Post Road - Suite 205
Southport, CT 06890
(203) 254-1900

NAME AND ADDRESS OF FINANCIAL INSTITUTION

J.P. Morgan Securities LLC
383 Madison Avenue
New York, NY 10179

Directions: To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within twenty days of the date on the envelope holding this notice. **If you have any documents, such as an award letter, an annual statement from your pension, paystubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be released more quickly.

I state that my account contains the following type(s) of funds (check all that apply):
.... Social security
.... Social security disability (SSD)
.... Supplemental security income (SSI)
.... Public assistance
.... Wages while receiving SSI or public assistance
.... Veterans benefits
.... Unemployment insurance
.... Payments from pensions and retirement accounts
.... Income earned in the last 60 days (90% of which is exempt)
.... Child support

.... Spousal support or maintenance (alimony)
.... Workers' compensation
.... Railroad retirement or black lung benefits
.... Other (describe exemption):_____

I request that any correspondence to me regarding my claim be sent to the following address:

_____
(FILL IN YOUR COMPLETE ADDRESS)

I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

DATE


SIGNATURE OF JUDGMENT DEBTOR

At IAS Part ___ of the Supreme Court of the State of New York, held in and for the County of New York, at the Courthouse, located at 60 Centre Street, New York, NY, on the _____ day of June 2012

PRESENT:

HON. _____

J.S.C.

-----------------------------------------------------------------------x
In the matter of the Application of                                   :
LISA MAYER and DEBRA MAYER,                                           :      Index No.
                                                                      :
            Petitioners,                                              :      Pursuant to CPLR §§ 5225, 5227
                                                                      :
For the payment by, or delivery of property in possession             :
of J.P. MORGAN SECURITIES LLC, UNITED                                 :
STATES OF AMERICA, AMERINDO TECHNOLOGY                                :
GROWTH FUND II INC., and/or AMERINDO                                  :
MANAGEMENT INC.,                                                      :
                                                                      :
            Respondents,                                              :
                                                                      :
to satisfy judgment against ALBERTO VILAR, GARY                       :
TANAKA, AMERINDO INVESTMENT ADVISORS,                                 :
INC. (U.S.), and AMERINDO INVESTMENT                                  :
ADVISORS, INC. (PANAMA),                                              :
                                                                      :
Pursuant to CPLR §§ 5225 and 5227.                                    :
-----------------------------------------------------------------------x

**Order to Show Cause for Payment to Judgment Creditors, or Delivery of Property Not In Possession of Judgment Debtors**

UPON reading and filing: the Petition of Lisa Mayer and Debra Mayer ("Petitioners"), duly

verified on June ___, 2012, upon the affirmation of Patrick W. Begos, dated June __, 2012, and upon

all of the proceedings and papers in this action, it is,

ON motion of Begos Horgan & Brown LLP, attorneys for Petitioners,

**Oral Argument Requested**

ORDERED that J.P. Morgan Securities LLC; the United States of America; Amerindo Technology Growth Fund II, Inc.; and Amerindo Management Inc. (together, "Respondents"); and Alberto Vilar; Gary Tanaka; Amerindo Investment Advisors, Inc. (U.S.); and Amerindo Investment Advisors, Inc.  (Panama) (together, "Judgment Debtors");   and all other interested persons ("Respondents"), show cause at IAS Part ___ Room ____ to be held at the Courthouse, located at 60 Centre Street, New York, New York, on the ____ day of _____, 2012, at _____ a.m./p.m., or as soon thereafter as counsel can be heard, why a judgment should not be granted directing Respondents or any of them to turn over to Petitioner and/or the sheriff of New York County, (a) the principal sum of $22,423,698.29, together with interest, costs, poundage, fees, and disbursements, that principal sum representing the balance due on a judgment and supplemental judgment  obtained by Petitioners against the Judgment Debtors; and (b) 243,902.43 shares of Intouch, Inc. Series A Preferred stock, together with cots, poundage, fees and disbursements; on the grounds that Petitioners have a valid lien on the assets and property of the Judgment Debtors which is superior to the interests of any of the Respondents, or any creditor;  together with such other and further relief as to this court may seem just and proper; and it is further

ORDERED that service of a copy of this order and the papers on which it is based, upon the following persons in the following manner shall be deemed sufficient:

**J.P. Morgan Securities LLC**, by hand delivery at One Chase Plaza, New York, NY, Attention: Crystal Rollins at "Legal Papers Served," with a copy by email to Andrea  Weiss, Esq., Levi Lubarsky & Feigenbaum LLP, 1185 Avenue of the Americas, 17th Floor, New York, New York 10036, aweiss@llf-law.com.

**United States of America**, by hand delivery to United States Attorney's Office, One St Andrew's Plaza, New York, NY 10007, Attention:  Sharon C. Levin, Esq. (Chief of Asset Forfeiture Unit).

**Amerindo Technology Growth Fund II, Inc.**, by overnight mail to David E. Mainzer, Esq., Spolin, Cohen, Mainzer & Bosserman LLP, 1601 Wilshire Boulevard, Suite 2410, Los Angeles, CA 90025,

2

with a copy by regular mail to Gary Tanaka, Director, Federal Correctional Institution, Terminal Island, No. 57819-054, PO Box 3007, San Pedro, CA 90731.

**Amerindo Management Inc.,** by overnight mail to David E. Mainzer, Esq., Spolin, Cohen, Mainzer & Bosserman LLP, 1601 Wilshire Boulevard, Suite 2410, Los Angeles, CA 90025, with a copy by regular mail to Mr. Gary Tanaka, Executive Vice President, Federal Correctional Institute, Terminal Island No. 57819-054, PO Box 3007, San Pedro, CA 90731.

and it is further

ORDERED that any person opposing this petition shall serve any opposition upon petitioner's counsel, Begos Horgan & Brown LLP, 2425 Post Road, Southport, CT 06890 by _____, 2012.

ENTER:

_____

J.S.C.

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------ x
In the matter of the Application of                          :
LISA MAYER and DEBRA MAYER,                          :       Index No.
                                                             :
                        Petitioners,                         :       Pursuant to CPLR §§ 5225, 5227
                                                             :
For the payment by, or delivery of property in possession    :
of J.P. MORGAN SECURITIES LLC, UNITED                        :
STATES OF AMERICA, AMERINDO TECHNOLOGY                       :
GROWTH FUND II INC., and/or AMERINDO                         :
MANAGEMENT INC.,                                             :
                                                             :
                        Respondents,                         :
                                                             :
to satisfy judgment against ALBERTO VILAR, GARY              :
TANAKA, AMERINDO INVESTMENT ADVISORS,                        :
INC. (U.S.), and AMERINDO INVESTMENT                         :
ADVISORS, INC. (PANAMA),                                     :
                                                             :
Pursuant to CPLR §§ 5225 and 5227.                          :
------------------------------------------------------------------------ x

**Affirmation of Patrick W. Begos Regarding Service**

       PATRICK W. BEGOS, an attorney licensed to practice in the courts of this State, affirms the

following to be true under penalty of perjury:

       1.      I am a member of the firm Begos Horgan & Brown LLP ("BHB"), attorneys for

petitioners in this proceeding. I submit this affirmation regarding the manner in which petitioners

request that service be made on the respondents.

       2.      After the Judgment Creditors served a restraining notice and information subpoena on

J.P. Morgan Chase & Co., Inc., I was contacted by Andrea Weiss, Esq. of the firm of Levi Lubarsky

& Feigenbaum LLP, 1185 Avenue of the Americas, New York, NY. Ms. Weiss produced to me the

brokerage account statements from respondent, J.P. Morgan Securities LLC. Additionally, Ms.

Weiss advised that additional papers regarding the judgment should be served at One Chase Plaza,

New York, NY, Attention: Crystal Rollins at "Legal Papers Served."   Accordingly, petitioners request that service upon J.P. Morgan Securities LLC be directed to be made at the address specified by Ms. Weiss, with a copy upon Ms. Weiss.

3.      The United States of America has been made a respondent due to an Order of Forfeiture of Substitute Assets that it obtained in a criminal action against Alberto Vilar and Gary Tanaka (Petition, Ex. I). That Forfeiture Order has been issued against the property at issue in this proceeding. Sharon C. Levin, Esq. is an Assistant United States Attorney for the Southern District of New York, and she is, upon information and belief, Chief of the Asset Forfeiture Unit. Ms. Levin has been involved in all proceedings in the Southern District of New York regarding the Forfeiture Order, and I have communicated repeatedly with Ms. Levin about the forfeiture order and the Mayers' claims against Vilar, Tanaka and Amerindo.

4.      Amerindo Technology Grown Fund II, Inc. purports to be a Panama corporation. In the account documents that Gary Tanaka executed regarding the ATGF II Account, he irrevocably designated and appointed David Mainzer as ATGF II's authorized agent to receive service of process on its behalf (Petition, Ex. C). The address listed for Mr. Mainzer in that account document, 399 Park Avenue, is no longer an address at which, to the best of my knowledge ATGF II or any Amerindo-related entity has a presence. I have located Mr. Mainzer at the firm of Spolin Cohen Mainzer & Bosserman LLP, in Los Angeles. Mr. Mainzer's biography for the firm (attached hereto), states that, prior to joining that firm, he "served as the General Counsel and Chief Operating Officer of Amerindo Investment Advisors, Inc."

5.      Amerindo Management, Inc. also purports to be a Panama corporation. In the account documents that Gary Tanaka executed regarding the AMI Account, he irrevocably designated and

appointed David Mainzer as AMI's authorized agent to receive service of process on its behalf (Petition, Ex. E).

      6.    In opening the ATGF II and AMI Accounts, Mr. Tanaka identified himself as an officer and/or director of both companies. Mr. Tanaka is currently incarcerated at the Federal Correctional Institution,  Terminal Island, No. 57819-054, PO Box 3007, San Pedro, CA 90731.

Dated:      June 25, 2012

                                  _____

                                  Patrick W. Begos

# SPOLIN SILVERMAN
# COHEN & BOSSERMAN LLP
## LAWYERS

# David E. Mainzer



(310) 586-2425
E-Mail David Mainzer

David Mainzer is a Partner in the Investment Management Group at Spolin Cohen Mainzer & Bosserman LLP (SCM&B).  Mr. Mainzer is an experienced corporate lawyer, with 18 years' experience advising clients in the investment management industry.  He regularly advises investment managers, wealth managers, hedge fund and other private fund managers, and other industry participants regarding corporate, securities, tax, employment and regulatory compliance and reporting issues.  He also publishes the client update section of SCM&B's website, which focuses on legal issues affecting investment advisers and private funds.

Prior to joining SCM&B, Mr. Mainzer served as the General Counsel and Chief Operating Officer of Amerindo Investment Advisors Inc., an investment manager with offices in New York, San Francisco and London and $8 billion in assets under management.  Mr. Mainzer was responsible for managing all of Amerindo' legal affairs, including risk management, regulatory compliance, management of outside counsel, and the organization and legal management of the firm's hedge funds, mutual funds and separately managed accounts.  Before joining Amerindo, he served as an Associate at Buchalter Nemer in Los Angeles, where he focused on business transactions and regulatory advice related to the investment management industry.  Prior to Buchalter Nemer, Mr. Mainzer was an associate at Allens Arthur Ronbinson in Sydney, where he worked with global investment management firms, to create products for the Australian market, and assisted major banks with their Australian operations.

Mr. Mainzer attended law school at the University of New South Wales in Sydney, where he also completed his undergraduate degree in accounting.  He earned his MBA at Columbia Business School in New York.  Mr. Mainzer was admitted to practice law in California in 1997, and in New South Wales in 1994.  He is a member of the State Bar of California and the American Bar Association.  He is an honorably discharged veteran of the United States Army.

© Copyright 2010 Spolin Silverman Cohen & Bosserman LLP. All Rights Reserved.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------- x

In the matter of the Application of                            :
LISA MAYER and DEBRA MAYER,                                    :       Index No.
                                                               :
                         Petitioners,                          :       Pursuant to CPLR §§ 5225, 5227
                                                               :
For the payment by, or delivery of property in possession     :
of J.P. MORGAN SECURITIES LLC, UNITED                          :
STATES OF AMERICA, AMERINDO TECHNOLOGY                         :
GROWTH FUND II INC., and/or AMERINDO                           :
MANAGEMENT INC.,                                               :
                                                               :
                         Respondents,                          :
                                                               :
to satisfy judgment against ALBERTO VILAR, GARY               :
TANAKA, AMERINDO INVESTMENT ADVISORS,                          :
INC. (U.S.), and AMERINDO INVESTMENT                           :
ADVISORS, INC. (PANAMA),                                       :
                                                               :
Pursuant to CPLR §§ 5225 and 5227.                             :

------------------------------------------------------------------- x

## Memorandum of Law In Support of Petition

Petitioners, Lisa Mayer and Debra Mayer ("the Mayers"), by their attorneys, Begos
Horgan & Brown LLP, submit this brief in support of their turnover petition.

## Preliminary Statement

The Mayers have received judgments against Alberto Vilar, Gary Tanaka and the two
Amerindo Investment Advisors, Inc. (together, "Judgment Debtors") in an amount in excess of
$20 million. This proceeding seeks an order directing J.P. Morgan Securities LLC ("JP Morgan
Securities") to turn over money and assets it is holding in two brokerage accounts opened by
Judgment Debtors in the names of Amerindo Technology Growth Fund II, Inc. ("ATGF II") and
Amerindo Management Inc. ("AMI").

The money and assets in those accounts ("Accounts") has already been determined to belong to Vilar and Tanaka. This determination was made by the United States District Court in granting the United States' request that the Accounts be included in an Order of Forfeiture of Substitute Assets ("Forfeiture Order") (*see* Point I, *infra*). Though such an order would ordinarily give the United States an interest in the Accounts that is superior to the Mayers' rights pursuant to their civil judgment, the United States has consented to the vacatur of that order (due to a dispute regarding the calculation of the forfeiture amount).

Even if the forfeiture did not establish that the Accounts were property of Vilar and Tanaka, the evidence shows that Judgment Debtors used the Accounts as their own by commingling their own funds in those Accounts (*see* Point II, *infra*).

**Argument**

### I.    The Forfeiture Order

In 2005, Vilar and Tanaka were charged with numerous federal crimes in connection with their dealings with the Mayers and others (Petition, ¶ 18). Vilar and Tanaka were both found guilty of multiple crimes, and they were sentenced on February 5, 2010 to nine and five years, respectively (*id.*).

In November 2010, the United States District Court entered the Forfeiture Order, which identified the Accounts as "property of the defendants" (*i.e.*, Vilar and Tanaka), and forfeited that property to the United States, subject to the United States obtaining a Final Order of forfeiture (*id.* ¶ 19).

18 U.S.C. § 982 requires a federal court to order forfeiture of property that is involved in, or that represents the proceeds of, a long list of crimes.  The United States also has the power to

2

seek forfeiture of "substitute assets" when the particular proceeds of a crime cannot be located. In that situation, "the court shall order the forfeiture of any other property of the defendant[.]" 21 U.S.C. § 853(p)(2). By entering the Forfeiture Order, the court thus found that the Accounts were "property of" Vilar and Tanaka.

After the Forfeiture Order was issued, the United States provided the notice required in the Order. Neither ATGF II nor AMI objected to the Forfeiture Order, or contended that it had ownership rights in the ATGF II and AMI Accounts that were superior to Vilar's and Tanaka's ownership rights (Petition, ¶ 21). Neither defendant has contended that either Account should not have been included in the Forfeiture Order.

As noted in the Petition, there is a dispute between the United States and Vilar and Tanaka regarding the amount of the forfeiture that is warranted by their crimes (Petition, ¶ 22). As a result of the dispute the United States has not yet obtained a Final Order of forfeiture, and it has consented to the vacatur of the Forfeiture Order so that the court can determine the proper amount of the forfeiture. The prospective vacatur of the Forfeiture Order, makes the Mayers' lien on the money and property in  the Accounts superior to the United States' rights.

## II.    Judgment Debtors Treated the Accounts As Their Own

The Petition demonstrates that the Judgment Debtors routinely commingled in the Accounts  money that the Mayers and others invested with Amerindo Investment Advisors, Inc.

"Broadly speaking, the courts will disregard the corporate form, or, to use accepted terminology, 'pierce the corporate veil', whenever necessary to prevent fraud or to achieve equity." *Morris v. New York State Dept. of Taxation & Fin.*, 82 N.Y.2d 135, 140, 623 N.E.2d 1157, 1160 (1993) (internal quotation marks omitted).  The evidence shows that Judgment

3

Debtors made no distinction between Amerindo Investment Advisors, Inc. and either ATGF II or AMI when accepting money to be invested. Thus, for example, they directed the Mayers to deposit into the Accounts money that was to be invested with Amerindo, not ATGF II or AMI. And they unilaterally decided to record money deposited into the Accounts as having been invested with Amerindo.

Even if the Forfeiture Order did not establish that the money and assets in the Accounts belonged to Vilar and Tanaka, Judgment Debtors' fraudulent and inequitable conduct, and their disregard of any distinction between themselves and ATGF II and/or AMI, supports an order directing the turnover of the funds.

Dated:        June 25, 2012

                                                BEGOS HORGAN & BROWN LLP


                                                By:_____
                                                      Patrick W. Begos
                                                      Attorneys for Petitioners
                                                      2425 Post Road
                                                      Southport, CT 06890
                                                      203-254-1900

4

**REQUEST FOR JUDICIAL INTERVENTION**

UCS-840  (3/2011)

__Supreme_____COURT, COUNTY OF_____**New York**_____

Index No: _____   Date Index Issued:_____

| | For Clerk Use Only: |
|---|---|
| | IAS Entry Date |
| | Judge Assigned |
| | RJI Date |

**CAPTION:**   Enter the complete case caption.  Do not use et al or et ano.  If more space is required, attach a caption rider sheet.

In the matter of the Application of
LISA MAYER and DEBRA MAYER

**Plaintiff(s)/Petitioner(s)**

-against-

For the payment by, or delivery of property in possession of J.P. MORGAN SECURITIES LLC, UNITED STATES OF AMERICA, AMERINDO TECHNOLOGY GROWTH FUND II INC., and/or AMERINDO MANAGEMENT INC.,

to satisfy judgment against ALBERTO VILAR, GARY TANAKA, AMERINDO INVESTMENT ADVISORS, INC. (U.S.), and AMERINDO INVESTMENT ADVISORS, INC. (PANAMA),

Pursuant to CPLR §§ 5225 and 5227.

**Defendant(s)/Respondent(s)**

**NATURE OF ACTION OR PROCEEDING:**   Check ONE box only and specify where indicated.

**MATRIMONIAL**
- ○ Contested
- ○ Uncontested
  **NOTE:** For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum.**

**TORTS**
- ○ Asbestos
- ○ Breast Implant
- ○ Environmental: _____
  (specify)
- ○ Medical, Dental, or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability:_____
  (specify)
- ○ Other Negligence:_____
  (specify)
- ○ Other Professional Malpractice:_____
  (specify)
- ○ Other Tort:_____
  (specify)

**COMMERCIAL**
- ○ Business Entity (including corporations, partnerships, LLCs, etc.)
- ○ Contract
- ○ Insurance (where insurer is a party, except arbitration)
- ○ UCC (including sales, negotiable instruments)
- ⊙ Other Commercial: Proceeding to enforce Comm. Div. Judgment
  (specify)
  **NOTE:** For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the **COMMERCIAL DIV RJI Addendum**.

**REAL PROPERTY**:   How many properties does the application include? _____
- ○ Condemnation
- ○ Foreclosure
  Property Address:_____
  Street Address       City       State       Zip
  **NOTE:** For Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI Addendum.**
- ○ Tax Certiorari - Section: _____ Block: _____ Lot: _____
- ○ Other Real Property:_____
  (specify)

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution   [see **NOTE** under Commercial]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other:_____
  (specify)

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration)   [see **NOTE** under Commercial]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene:_____
  (specify)
- ○ Other Special Proceeding:_____
  (specify)

**STATUS OF ACTION OR PROCEEDING:**   Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ○ | ⊙ | If yes, date filed: _____ |
| Is this action/proceeding being filed post-judgment? | ⊙ | ○ | If yes, judgment date: 10/28/2011 |

## NATURE OF JUDICIAL INTERVENTION (Check ONE only AND enter additional information and/or mandates)

- ○ Infant's Compromise
- ○ Note of Issue and/or Certificate of Readiness
- ○ Notice of Medical, Dental, or Podiatric Malpractice　　Date Issue Joined: _____
- ○ Notice of Motion　　Relief Sought: _____　　Return Date: _____
- ○ Notice of Petition　　Relief Sought: _____　　Return Date: _____
- ● Order to Show Cause　　Relief Sought: Enforcement　　Return Date: _____
- ○ Other Ex Parte Application　　Relief Sought: _____
- ○ Poor Person Application
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

### RELATED CASES:
List any related actions.  For Matrimonial actions, include any related criminal and/or Family Court cases.
If additional space is required, complete and attach the **RJI Addendum**.  If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
| Mayer v. Vilar | 603234/2004 | Supreme: New York | Kornreich | Judgments to be enforced |
| | | | | |
| | | | | |

### PARTIES:
If additional space is required, complete and attach the **RJI Addendum**.
For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in "Attorneys" space.

| Un-Rep | Parties: List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys: Provide name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | Mayer *Last Name* / Lisa *First Name Primary Role:* / Petitioner *Secondary Role (if any):* | Begos *Last Name* Patrick *First Name* / Begos Horgan & Brown LLP *Firm Name* / 2425 Post Road *Street Address* Southport *City* Connecticut *State* 6890 *Zip* / +1 (203) 254-1900 *Phone* +1 (203) 222-4833 *Fax* pwb@begoshorgan.com *e-mail* | ● YES ○ NO | |
| ☐ | Mayer *Last Name* / Debra *First Name Primary Role:* / Petitioner *Secondary Role (if any):* | Begos *Last Name* Patrick *First Name* / Begos Horgan & Brown LLP *Firm Name* / 2425 Post Road *Street Address* Southport *City* Connecticut *State* 06890 *Zip* / +1 (203) 254-1900 *Phone* +1 (203) 222-4833 *Fax* pwb@begoshorgan.com *e-mail* | ● YES ○ NO | |
| ☒ | J.P. MORGAN SECURITIES LLC *Last Name* / *First Name Primary Role:* / Respondent *Secondary Role (if any):* | *Last Name* *First Name* / *Firm Name* / *Street Address* *City* *State* *Zip* / *Phone* *Fax* *e-mail* | ○ YES ● NO | |
| ☒ | UNITED STATES OF AMERICA *Last Name* / *First Name Primary Role:* / Respondent *Secondary Role (if any):* | *Last Name* *First Name* / *Firm Name* / *Street Address* *City* *State* *Zip* / *Phone* *Fax* *e-mail* | ○ YES ● NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.**

Dated: 06/25/2012 _____

_____
**SIGNATURE**

2170686
**ATTORNEY REGISTRATION NUMBER**

Patrick W. Begos
**PRINT OR TYPE NAME**

Print Form

**Request for Judicial Intervention Addendum**  UCS-840A (3/2011)

**Supreme**

_____ COURT, COUNTY OF ____ **New York** ____   Index No: _____

**For use when additional space is needed to provide party or related case information.**

**PARTIES:**   For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in "Attorneys" space.

| Un-Rep | Parties: List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys: Provide name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☒ | AMERINDO TECHNOLOGY GROWTH FUN⊞ <br> Last Name <br> First Name <br> Primary Role: <br> Respondent <br> Secondary Role (if any): | Last Name    First Name <br> Firm Name <br> Street Address   City   State   Zip <br> Phone   Fax   e-mail | ○ YES <br> ◉ NO | |
| ☒ | AMERINDO MANAGEMENT INC. <br> Last Name <br> First Name <br> Primary Role: <br> Secondary Role (if any): | Last Name    First Name <br> Firm Name <br> Street Address   City   State   Zip <br> Phone   Fax   e-mail | ○ YES <br> ◉ NO | |
| ☐ | Last Name <br> First Name <br> Primary Role: <br> Secondary Role (if any): | Last Name    First Name <br> Firm Name <br> Street Address   City   State   Zip <br> Phone   Fax   e-mail | ○ YES <br> ○ NO | |
| ☐ | Last Name <br> First Name <br> Primary Role: <br> Secondary Role (if any): | Last Name    First Name <br> Firm Name <br> Street Address   City   State   Zip <br> Phone   Fax   e-mail | ○ YES <br> ○ NO | |
| ☐ | Last Name <br> First Name <br> Primary Role: <br> Secondary Role (if any): | Last Name    First Name <br> Firm Name <br> Street Address   City   State   Zip <br> Phone   Fax   e-mail | ○ YES <br> ○ NO | |
| ☐ | Last Name <br> First Name <br> Primary Role: <br> Secondary Role (if any): | Last Name    First Name <br> Firm Name <br> Street Address   City   State   Zip <br> Phone   Fax   e-mail | ○ YES <br> ○ NO | |

**RELATED CASES:**   List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

Print Form

**SUPREME COURT OF THE STATE OF NEW YORK**

UCS-840C
3/2011

COUNTY OF **New York**
——————————————————————————— x

Matter of Lisa Mayer and Debra Mayer

Plaintiff(s)/Petitioner(s)

-against-

J.P. MORGAN SECURITIES LLC, et al

Defendant(s)/Respondent(s)
——————————————————————————— x

Index No. _____

RJI No. (if any) _____

## COMMERCIAL DIVISION
**Request for Judicial Intervention Addendum**

**COMPLETE WHERE APPLICABLE** [add additional pages if needed]:

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

- [X] Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g. unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g. sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)
- [ ] Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units)
- [ ] Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only
- [ ] Shareholder derivative actions — without consideration of the monetary threshold
- [ ] Commercial class actions — without consideration of the monetary threshold
- [ ] Business transactions involving or arising out of dealings with commercial banks and other financial institutions
- [ ] Internal affairs of business organizations
- [ ] Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters
- [ ] Environmental insurance coverage
- [ ] Commercial insurance coverage (e.g. directors and officers, errors and omissions, and business interruption coverage)
- [ ] Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures — without consideration of the monetary threshold
- [ ] Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues — without consideration of the monetary threshold

**Plaintiff/Petitioner's claim for compensatory damages** [exclusive of punitive damages, interest, costs and counsel fees claimed]:

$ 22,423,698.29, plus interest, costs, poundage fees and disbursements _____

**Plaintiff/Petitioner's claim for equitable or declaratory relief** [brief description]:

> Turnover of Property belonging to Judgment Debtors held by, or belonging to, Respondents, to enforce judgment issued in Commercial Division case.

**Defendant/Respondent's counterclaim(s)** [brief description, including claim for monetary relief]:

**I REQUEST THAT THIS CASE BE ASSIGNED TO THE COMMERCIAL DIVISION. I CERTIFY THAT THE CASE MEETS THE JURISDICTIONAL REQUIREMENTS OF THE COMMERCIAL DIVISION SET FORTH IN 22 NYCRR § 202.70(a), (b) AND (c).**

Dated: **06/25/2012**_____

_____
**SIGNATURE**

**Patrick W. Begos**_____
**PRINT OR TYPE NAME**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------------- x

In the matter of the Application of          :

LISA MAYER and DEBRA MAYER,         :      Index No. 652201/2012
                                       :
             Petitioners,              :      Pursuant to CPLR §§ 5225, 5227
                                         :

For the payment by, or delivery of property in possession  :

of J.P. MORGAN SECURITIES LLC, UNITED   :

STATES OF AMERICA, AMERINDO TECHNOLOGY   :

GROWTH FUND II INC., and/or AMERINDO   :

MANAGEMENT INC.,                   :
                                         :

             Respondents,            :
                                         :

to satisfy judgment against ALBERTO VILAR, GARY   :

TANAKA, AMERINDO INVESTMENT ADVISORS,   :

INC. (U.S.), and AMERINDO INVESTMENT   :

ADVISORS, INC. (PANAMA),           :
                                         :

Pursuant to CPLR §§ 5225 and 5227.        :

--------------------------------------------------------------------- x

**Affirmation of Service**

       PATRICK W. BEGOS, an attorney licensed to practice in the courts of this State, affirms the

following to be true under penalty of perjury:

       1.     I am a member of the firm Begos Horgan & Brown LLP ("BHB"), attorneys for

petitioners in this proceeding.

       2.     On June 29, 2012, I caused the following papers: (1) Order to Show Cause; (2) Petition

with exhibits; (3) Affirmation of Patrick W. Begos regarding service: (4) Memorandum of Law in

Support of Petition; (5) Request for Judicial Intervention and Addendum; and (6) Notice of

Commencement of Action Subject to Mandatory Electronic Filing; upon the following, as follows:

       **J.P. Morgan Securities LLC**, by hand delivery at One Chase Plaza, New York, NY,
       Attention: Crystal Rollins at "Legal Papers Served," with copies by email to Andrea Weiss,
       Esq., Levi Lubarsky & Feigenbaum LLP, 1185 Avenue of the Americas, 17th Floor, New
       York, New York 10036, aweiss@llf-law.com.

**United States of America**, by hand delivery to United States Attorney's Office, One St Andrew's Plaza, New York, NY 10007, Attention:  Sharon C. Levin, Esq. (Chief of Asset Forfeiture Unit).

**Amerindo Technology Growth Fund II, Inc.**, by overnight mail to David E. Mainzer, Esq., Spolin, Cohen, Mainzer & Bosserman LLP, 1601 Wilshire Boulevard, Suite 2410, Los Angeles, CA 90025, with copies by regular mail to Gary Tanaka, Director, Federal Correctional Institution,  Terminal Island, No. 57819-054, PO Box 3007, San Pedro, CA 90731.

**Amerindo Management Inc.**, by overnight mail to David E. Mainzer, Esq., Spolin, Cohen, Mainzer & Bosserman LLP, 1601 Wilshire Boulevard, Suite 2410, Los Angeles, CA 90025, with copies by regular mail to Mr. Gary Tanaka, Executive Vice President, Federal Correctional Institute,  Terminal Island No. 57819-054, PO Box 3007, San Pedro, CA 90731.

Dated:      July 2, 2012

_____
Patrick W. Begos

2