**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In the matter of the Application of
LISA MAYER and DEBRA MAYER,

                Petitioners,

For the payment by, or delivery of property in
possession of J.P. MORGAN SECURITIES LLC,
UNITED STATES OF AMERICA, AMERINDO
TECHNOLOGY GROWTH FUND II INC., and/or
AMERINDO MANAGEMENT INC.,

                Respondents,

to satisfy judgment against ALBERTO VILAR,
GARY TANAKA, AMERINDO INVESTMENT
ADVISORS, INC. (U.S.), and AMERINDO
INVESTMENT ADVISORS, INC. (PANAMA),

Pursuant to CPLR §§ 5225 and 5227.

Case No. 12 Civ. 5240
(RJS) (KNF)

**ANSWER TO PETITION**
**AND SUPPLEMENTAL**
**PETITION**
**WITH COUNTERCLAIMS**
**AND CROSSCLAIMS**

J.P. MORGAN SECURITIES LLC,

                Third-Party Plaintiff,

              -against-

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION; PAUL MARCUS; RONALD
SALVETTI; MAURICE KASSIMIR; JOHN
PREETZMANN AGGERHOLM; ELNA
CHARLOTTE OLGA a/k/a ELNA HEITKONIG;
ALFRED C. HEITKONIG; MAAIKE OLGA MARIA
HICKOK a/k/a MAAIKE HEITKONIG; ROBIN
SAYKO; PETER LUSK; LILY CATES; THE
GERHARD JORDAN FAMILY; LOS ANGELES
OPERA; GARY M. COX AS EXECUTOR OF THE
ESTATE OF ROBERT M. COX; GRACIELA
LECUBE CHAVEZ; ALBERTO W. VILAR; GARY
A. TANAKA; AMERINDO INVESTMENT
ADVISORS, INC. (U.S.); AMERINDO
INVESTMENT ADVISORS, INC. (PANAMA);

**THIRD-PARTY**
**COMPLAINT**

DABA, INC.; ABA, INC.; TECHNO RAQUIA S.A.;
OLAFSON INC.; AMERINDO ADVISERS UK LTD
BENEFITS SCHEME; AMERINDO INVESTMENT
ADVISORS MONEY PURCHASE PLAN AND
TRUST; AMERINDO MASTER VENTURE FUND
LLC; and AMERINDO TECHNOLOGY GROWTH
FUND INC.,

                    Third-Party Defendants.

Respondent and Third-Party Plaintiff J.P. Morgan Securities LLC (hereinafter "JPMS"),

by its attorneys, Levi Lubarsky & Feigenbaum LLP, for its answer to the Petition and

Supplemental Petition of Lisa Mayer and Debra Mayer (collectively, the "Mayers" or

"Petitioners"), and its Counterclaims against the Mayers, Crossclaims against co-Respondents

United States of America, Amerindo Technology Growth Fund II Inc. and Amerindo

Management Inc., and Third-Party Complaint, alleges as follows:

## JPMS'S ANSWER TO THE MAYERS' PETITION

1.        Denies having knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 1 of the Petition.

2.        Admits that it has a place of business at 383 Madison Avenue, New York, NY,

that it is a Delaware corporation, and that it was previously known as Bear, Stearns & Co. Inc.

3.        Denies having knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 3 of the Petition.

4.        Admits that Amerindo Technology Growth Fund II, Inc. ("ATGF II") has a

brokerage account at JPMS and that it purports to be a Panama company, and denies having

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph 4 of the Petition.

5.      Admits, on information and belief, the allegations of the first sentence of paragraph 5 of the Petition.  Admits that ATGF II has a brokerage account at JPMS, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the second sentence of paragraph 5 of the Petition.

6.      Admits, on information and belief, the allegations of paragraph 6 of the Petition.

7.      Admits, on information and belief, the allegations of paragraph 7 of the Petition.

8.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Petition.

9.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Petition.

10.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Petition.

11.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Petition.

12.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Petition.

13.     Admits that the documents annexed as Exhibit C to the Petition are copies of account documents for ATGF II, refers to those documents for the contents thereof, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Petition.

14.     Admits that Exhibit D to the Petition is a copy of ATGF II's March 30, 2012 account statement, refers to that document for the contents thereof, and otherwise denies having

knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Petition.

15.    Refers to Exhibit D for the contents of ATGF II's March 30, 2012 account statement, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Petition.

16.    Admits that the documents annexed as Exhibit E to the Petition are copies of account documents for the AMI Account, refers to those documents for the contents thereof, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Petition.

17.    Admits that Exhibit F to the Petition is a copy of AMI's March 30, 2012 account statement, refers to that document for the contents thereof, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Petition.

18.    Admits, on information and belief, that Vilar and Tanaka have been convicted of federal crimes, refers to the superseding indictment and the judgments annexed to the Petition for the terms thereof, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Petition.

19.    Admits that this Court entered an Order of Forfeiture of Substitute Assets on November 9, 2010, refers to Exhibit I to the Petition for the terms of the Order of Forfeiture of Substitute Assets and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Petition.

20.     Refers to Exhibit I for the terms of the Order of Forfeiture of Substitute Assets and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Petition.

21.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Petition.

22.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Petition.

23.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Petition.

24.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Petition.

25.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Petition.

26.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Petition.

27.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Petition.

28.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Petition.

29.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Petition.

30.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Petition.

31.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Petition.

32.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Petition.

33.     Admits that the Mayers purported to serve a restraining notice upon JPMS on April 19, 2012 and caused the Sheriff of New York County to serve a levy on JPMS, refers to those documents for the terms thereof, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 of the Petition.

34.     Admits that the ATGF II Account and the AMI Account are at JPMS and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 of the Petition.

35.     Admits, on information and belief, that the United States has commenced and maintained forfeiture proceedings against Vilar and Tanaka pursuant to which it claims rights in the ATGF II and AMI accounts, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 of the Petition.

36.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Petition.

37.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Petition.

38.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Petition.

39.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Petition.

## JPMS'S ANSWER TO THE MAYERS' SUPPLEMENTAL PETITION

40.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Supplemental Petition.

41.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Supplemental Petition.

## DEFENSES TO THE PETITION AND SUPPLEMENTAL PETITION

Respondent JPMS, without assuming the burden of proof on those matters for which Petitioners bear the burden, alleges for its defenses as follows:

### FIRST DEFENSE

42.    The money and property that Petitioners seek by their Petition and Supplemental Petition are subject to a Post-Conviction Restraining Order issued by this Court on October 26, 2009 (the "Post-Conviction Restraining Order").

### SECOND DEFENSE

43.    The money and property that Petitioners seek by their Petition and Supplemental Petition have been forfeited to the government.

### THIRD DEFENSE

44.    The Petition and Supplemental Petition must be dismissed for failure to join parties who are required to be joined pursuant to Rule 19(a)(1)(A) and (a)(1)(B) of the Federal Rules of Civil Procedure, specifically, the parties named as defendants in the Third-Party Complaint.

### FOURTH DEFENSE

45.    The Petition and Supplemental Petition fail to state a cause of action.

7

WHEREFORE, JPMS respectfully requests the entry of a judgment:

(i)    dismissing the Petition and Supplemental Petition with prejudice;

(ii)    awarding JPMS the costs and expenses of this action, including reasonable attorneys' fees; and

(iii)    granting JPMS such other and further relief as may be just and proper.

## JPMS'S INTERPLEADER COUNTERCLAIMS AGAINST PETITIONERS, CROSSCLAIMS AGAINST ITS CO-RESPONDENTS IN THE PETITION AND SUPPLEMENTAL PETITION, AND THIRD-PARTY COMPLAINT

### INTRODUCTION

1.    Pursuant to 28 U.S.C. §§ 1335 and 2361 and Federal Rule of Civil Procedure 22, JPMS asserts counterclaims against Petitioners Lisa Mayer and Debra Mayer (collectively, "the Mayers"), crossclaims against co-Respondents United States of America (the "government"), Amerindo Technology Growth Fund II Inc. and Amerindo Management Inc., and third-party claims against the defendants named in the Third-Party Complaint.  By these counterclaims, crossclaims and third-party claims, JPMS seeks to obtain a determination of the rights of the Counterclaim, Crossclaim and Third-Party Defendants (collectively, the "Defendants") in certain monies and securities (collectively, the "Funds") held at JPMS, and to obtain an order restraining and enjoining the Defendants and any and all claimants from instituting and prosecuting any other state or federal action affecting the property involved in this interpleader action and requiring them to assert their claims to the Funds in a single action before this Court.

2.    JPMS brings this action because there are numerous persons and entities that have asserted or may assert conflicting claims to the Funds in multiple proceedings in federal and state court, thereby subjecting and potentially subjecting JPMS to the vexation of multiple litigation and possibly inconsistent determinations.  These persons and entities include:

(i)      the government (by the United States Attorney's Office for the Southern District of New York), which has obtained an order forfeiting the Funds in <u>United States of America v. Alberto William Vilar and Gary Alan Tanaka</u>, S3 05 Cr. 621 (RJS) (the "Criminal Case");

(ii)     the United States Securities and Exchange Commission, which has demanded disgorgement of the funds in <u>Securities and Exchange Commission v. Amerindo Investment Advisors Inc., et al</u>, 05 Civ. 5231 (the "SEC Case");

(iii)    the Mayers, who sued JPMS in New York State Supreme Court for a turnover of the Funds to them in the action captioned <u>In the Matter of the Application of Lisa Mayer and Debra Mayer, Petitioners, For the payment by, or delivery of property in possession of J.P. Morgan Securities LLC, United States of America, Amerindo Technology Growth Fund II Inc., and/or Amerindo Management Inc., Respondents, to satisfy judgment against Alberto Vilar, Gary Tanaka, Amerindo Investment Advisors, Inc. (U.S.), and Amerindo Investment Advisors, Inc. (Panama), Pursuant to CPLR §§ 5225 and 5227</u> (the "Mayer Turnover Proceeding"), which case was removed to this Court and is filed as Docket No. 12 Civ. 5240;

(iv)    Alberto Vilar and Gary Tanaka, who were convicted in the criminal case and who are defendants in the SEC case, and who are disputing the order forfeiting the Funds to the government and any turnover of the Funds to the Mayers;

(v)     investors in Vilar's and Tanaka's investment vehicles and/or their creditors, who have asserted claims to the Funds in the Criminal Case and/or the SEC Case and

who have disputed or may dispute the Mayers' entitlement to a turnover of the Funds to them;

(vi)     victims of Vilar and Tanaka in the Criminal Case who may be entitled to restitution from the Funds forfeited to the government, and who, accordingly, may be entitled to dispute any turnover of the Funds to the Mayers;

(vii)    the Trustee of the Amerindo Advisers UK Ltd Benefits Scheme (the "Scheme Trust") who has asserted a claim to certain of the Funds; and

(viii)   the various entities in whose names the Funds are held at JPMS (collectively hereafter, the "Amerindo Entities"), which nominally own the Funds.

3.       Because there are competing claims to the Funds, as well as multiple actions, JPMS needs relief in the nature of interpleader and an order requiring all claims to the Funds to be heard in one action and enjoining all other actions, to protect it from vexatious multiple litigation and the possibility of double or multiple liability and of inconsistent determinations.

## The Parties

4.       Respondent and Third-Party Plaintiff JPMS is a limited liability company organized pursuant to the laws of the State of Delaware with its principal place of business in New York County.

5.       Upon information and belief, Counterclaim Defendant Debra Mayer resides in Westchester County and is a citizen of the State of New York.

6.       Upon information and belief, Counterclaim Defendant Lisa Mayer resides in Westchester County and is a citizen of the State of New York.

10

7.     Crossclaim Defendant United States of America is named as a crossclaim defendant because it has an interest in the Funds by virtue of an Order of Forfeiture of Substitute Assets issued by this Court.

8.     Upon information and belief, Crossclaim Defendant Amerindo Technology Growth Fund II, Inc. purports to be a Panama company and has a last known address of 43 Upper Grosvenor Street, London, England.

9.     Upon information and belief, Crossclaim Defendant Amerindo Management Inc. purports to be a Panama company and has a last known address of 44 Upper Grosvenor Street, London, England.

10.     Upon information and belief, Third-Party Defendant United States Securities and Exchange Commission (the "SEC") is a federal agency whose responsibilities include enforcing federal securities laws.

11.     Upon information and belief, Third-Party Defendant Paul Marcus is a person of unknown residence who has claimed an interest in the Funds.

12.     Upon information and belief, Third-Party Defendant Ronald Salvetti is a person of unknown residence who has claimed an interest in the Funds.

13.     Upon information and belief, Third-Party Defendant Maurice Kassimir is a person of unknown residence who has claimed an interest in the Funds.

14.     Upon information and belief, Third-Party Defendant John Preetzmann Aggerholm is a resident of Haiti who has claimed an interest in the Funds.

15.     Upon information and belief, Third-Party Defendant Elna Charlotte Olga a/k/a Elna Heitkonig is a resident of Puerto Rico who has claimed an interest in the Funds.

16.     Upon information and belief, Third-Party Defendant Alfred C. Heitkonig is a resident of Puerto Rico who has claimed an interest in the Funds.

17.     Upon information and belief, Third-Party Defendant Maaike Olga Maria Hickok a/k/a Maaike Heitkonig is a resident of Puerto Rico who has claimed an interest in the Funds.

18.     Upon information and belief, Third-Party Defendant Robin Sayko is a person of unknown residence who has claimed an interest in the Funds.

19.     Upon information and belief, Third-Party Defendant Peter Lusk is a person of unknown residence who has claimed an interest in the Funds.

20.     Upon information and belief, Third-Party Defendants, The Gerhard Jordan Family, are persons of unknown residence who have claimed an interest in the Funds.

21.     Upon information and belief, Third-Party Defendant Lily Cates is a person who resides in New York, New York, who may have an interest in the Funds as a person awarded restitution in the Criminal Case.

22.     Upon information and belief, Third-Party Defendant Los Angeles Opera is an entity located in Los Angeles, California that may have an interest in the funds as an entity awarded restitution in the Criminal Case.

23.     Upon information and belief, Third-Party Defendant Gary M. Cox, as Executor of the Estate of Robert M. Cox, is a person who resides in Portland, Oregon, who may have an interest in the Funds as the executor of the estate of a person awarded restitution in the Criminal Case.

24.     Upon information and belief, Third-Party Defendant Graciela Lecube Chavez is a person who resides in New York, New York, who may have an interest in the Funds as a person awarded restitution in the Criminal Case.

25.    Upon information and belief, Third-Party Defendant Alberto W. Vilar is a resident of New York, New York and is currently an inmate at the Federal Correctional Institution in Fort Dix, New Jersey.

26.    Upon information and belief, Third-Party Defendant Gary A. Tanaka is a resident of London, England, and is currently incarcerated at the Federal Correctional Institution at Terminal Island, San Pedro, California.

27.    Upon information and belief, Third-Party Defendant Daba, Inc. is a corporation with its principal place of business in Nassau, Bahamas that may have a claim to the Funds.

28.    Upon information and belief, Third-Party Defendant Aba, Inc. is a corporation with its principal place of business in Nassau, Bahamas that may have a claim to the Funds.

29.    Upon information and belief, Third-Party Defendant Amerindo Investment Advisors, Inc. is a California corporation with its principal place of business in New York ("Amerindo US").

30.    Upon information and belief, Third-Party Defendant Amerindo Investment Advisors, Inc. is a corporation organized under the laws of Panama ("Amerindo Panama").

31.    Upon information and belief, Third-Party Defendant Techno Raquia S.A. purports to be a Panama company and has a last known address of 43 Upper Grosvenor Street, London, England.

32.    Upon information and belief, Third-Party Defendant Olafson Inc. is a corporation of unknown citizenship, of which Gary A. Tanaka is a director.

33.    Upon information and belief, Third-Party Defendant Amerindo Advisers UK Ltd Benefits Scheme is a purported retirement benefits trust, of which, upon information and belief,

James Stableford is the last known trustee, with a last known address of 43 Upper Grosvenor Street, London, England.

34.     Upon information and belief, Third-Party Defendant Amerindo Investment Advisors Money Purchase Plan and Trust purports to be a trust and has a last known address of 399 Park Avenue, New York, New York.

35.     Upon information and belief, Third-Party Defendant Amerindo Master Venture Fund LLC is a California corporation with its principal place of business at 399 Park Avenue, New York, New York.

36.     Upon information and belief, Third-Party Defendant Amerindo Technology Growth Fund Inc. is a corporation organized under the laws of Panama and has a last known business address of 43 Upper Grosvenor Street, London, England.

### Jurisdiction and Venue

37.     This Court has subject matter jurisdiction over this proceeding (a) pursuant to 28 U.S.C § 1335, because JPMS is holding money and property of the value of $500 or more and two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to such money and property; and (b) pursuant to 28 U.S.C § 1331, because it arises under the laws of the United States, in particular 18 U.S. C. §§ 981 and 982; 21 U.S.C. § 853(e) and (g); and 28 U.S.C. §§ 1651(a) and 2461.

38.     The Court has jurisdiction over the government in this action pursuant to 28 U.S.C. § 2410, which permits the United States to be named as a party in interpleader actions with respect to real or personal property where the United States "has or claims a mortgage or other lien."

39.     Venue of this proceeding is properly set in this judicial district pursuant to 28

U.S.C. § 1391 because a substantial part of the events giving rise to the claims took place here.

## Factual Allegations

## The Funds

40.     The Funds are held in the following accounts at JPMS:

     i.     Account Number 102-17995, in the name of Techno Raquia S.A., which

           account held, as of September 28, 2012, $31,628 in cash and/or money

           market funds and "unpriced" securities of undetermined value;

     ii.     Account Number 102-01485, in the name of Amerindo Management Inc.,

           Sub Account M26 (the "AMI Account"), which account held, as of

           September 28, 2012, $384,780 in cash and/or money market funds;

           $810,152 in priced equities; and "unpriced" equities of undetermined

           value;

     iii.     Account Number 102-01495, in the name of Amerindo Technology

           Growth Fund II, Inc., (the "ATGF II Account"), which account held, as of

           September 28, 2012, $20,588,276 in cash and/or money market funds;

           $6,416,814 in priced equities; and "unpriced" equities of undetermined

           value;

     iv.     Account Number 102-15833, in the name of Olafson Inc., which account

           held, as of September 28, 2012, $13,346 in cash and/or money market

           funds and $101,269 in equities;

     v.     Account Number 102-05012, in the name of Amerindo Advisers UK Ltd

           Benefits Scheme, which account held, as of November 30, 2012,

$3,320,116 in cash and/or money market funds; $14,264,264 in priced

equities; and "unpriced" equities of undetermined value;

vi.    Account Number 102-25612, in the name of Amerindo Investment

Advisors Money Purchase Plan and Trust, Alberto W. Vilar Trustee,

which account held, as of November 30, 2012, $35,341 in cash and/or

money market funds.[1]

### The Government's Claims to the Funds

41.    On October 26, 2009, at the request of the government in the Criminal Case, this

Court issued a Post-Conviction Restraining Order in aid of forfeiture (the "Post-Conviction

Restraining Order") which restrained the Funds.  (Exhibit 1 hereto).  The Post-Conviction

Restraining Order deems the Funds "Substitute Assets," which are subject to forfeiture to the

government pursuant to 18 U.S.C. §§ 981, 982 and 28 U.S.C. § 2461.

42.    On November 9, 2010, this Court issued an Order of Forfeiture of Substitute

Assets (the "Forfeiture Order") forfeiting the Funds to the government pursuant to 18 U.S.C. §

981(a)(1)(C), 982, and 28 U.S.C. § 2461 (Exhibit 2 hereto).  Pursuant to the Forfeiture Order,

this Court ordered that the Funds and other Substitute Assets were forfeited to the United States,

and were to be applied to money judgments exceeding $54 million against Vilar and Tanaka.

Ex. 2 at 3-4, ¶ b; 5, ¶ 2.

43.    The Forfeiture Order directed the government to seize the Funds, which were

thereafter to be held by the United States Marshals Service, but the government did not act upon

the order.  Ex. 2 at 5, ¶ 3.

---

[1] The Funds also include two other accounts at JPMS, Account Number 102-01490 in the name of Amerindo Technology Growth Fund Inc., and Account Number 102-25590 in the name of Amerindo Master Venture Fund LLC.  These accounts, containing $522.05 and $26,612.52, respectively, have escheated to New York State.  JPMS will be attempting to retrieve these Funds.

44.    The Forfeiture Order provided that third-party interests in the forfeited Funds would be adjudicated by this Court.  Ex. 2 at 7, ¶ 9.

45.    On information and belief, it was the government's intention that victims in the criminal case entitled to restitution, as well as others with a claim to the Funds, would be able to petition the government for remission of the forfeited Funds.

### The Mayers' Claim to the Funds

46.    Notwithstanding the Post-Conviction Restraining Order and Forfeiture Order, on or about April 19, 2012, the Mayers served upon JPMS a restraining notice issued by New York State Supreme Court (the "State Court Restraining Notice"), purporting to forbid JPMS from transferring any of the Funds.  (Exhibit 3 hereto).  The State Court Restraining Notice warns that any transfer of the Funds is punishable as a contempt of court, and thus by its terms purports to prohibit JPMS from delivering the Funds to the government pursuant to the Forfeiture Order or releasing the Funds pursuant to any other order that this Court may enter.

47.    Notwithstanding the Post-Conviction Restraining Order and the Forfeiture Order, on June 29, 2012, the Mayers, pursuant to an Order to Show Cause issued by New York State Supreme Court, New York County, served JPMS's outside counsel with the Petition for a turnover of funds to them in the Mayer Turnover Proceeding.

48.    In their Petition, the Mayers claimed, in summary and in substance, that they had obtained a State Court judgment against Vilar and Tanaka in the New York State Supreme Court case captioned Lisa Mayer, Debra Mayer, Daba, Inc., and Aba, Inc. v. Alberto Vilar, Gary Tanaka, Amerindo Investment Advisors, Inc. (U.S.), Amerindo Investment Advisors, Inc. (Panama), Index. No. 603234/2004 (the "State Court Lawsuit") and they sought an immediate order directing JPMS to turn over to them, from the Funds, specifically from the AGTF II and

AMI Accounts, the sums of $22,423,698.29 and 293,902.43 shares of Intouch, Inc. Series A Preferred stock, plus interest, costs, poundage fees and disbursements, to satisfy that judgment. On November 7, 2012, the Mayers filed a Supplemental Petition demanding the turnover of an additional $744,113.49.

49.    By filing the Mayer Turnover Proceeding in State Court, the Mayers placed JPMS in jeopardy of inconsistent judicial determinations, because this Court had already ruled that the Funds, including the Funds in the AGTF II and AMI Accounts from which they seek payment, were restrained and forfeited to the government.

50.    The government, which the Mayers named as a party in the Mayer Turnover Proceeding due to its interest in the Funds, removed the Mayer Turnover Proceeding to this Court on July 18, 2012 and designated the case as related to the Criminal Case.

51.    By letter to the Court dated November 5, 2012, the government consented to modification of the Post-Conviction Restraining Order to allow for a hardship distribution or a turnover in full to the Mayers as well as to "any other victims and/or investors the Court deems appropriate" (Exhibit 4 hereto).

### Other Claimants to the Funds

52.    Notwithstanding the government's consent to a distribution to the Mayers of the forfeited Funds, there remains an issue regarding whether the Mayers' State Court judgment should take precedence over this Court's Orders in the Criminal Case and the SEC Case, including the Post-Conviction Restraining Order, the Forfeiture Order, and a third Order issued in the SEC Case on October 16, 2012 directing the appointment of a Receiver to value assets and begin determining how much is owed to victims and investors (the "Receiver Order") (Exhibit 5 hereto). That is so because there are other claimants to the Funds, some of whom have already

objected to the Mayers seeking a distribution through their Turnover Proceeding, and others of whom have not yet made their positions known.

53.    Third-Party Defendants Vilar and Tanaka, by letter of their counsel dated November 14, 2012, have objected to any modification of the Post-Conviction Restraining Order and Forfeiture Order to permit a turnover to the Mayers, asserting that the Court is without authority to modify them because those Orders are currently on appeal (Exhibit 6 hereto).  Vilar and Tanaka also claim that the Mayers have no right to any distribution of funds from the AGTF II and AMI Accounts.

54.    Third-Party Defendant SEC has demanded disgorgement of the Funds in the SEC Case and, on information and belief, has to date not taken a position on a distribution to the Mayers.

55.    On information and belief, based on a review of the dockets in the Criminal Case and the SEC Case, the following individuals, named as Third-Party Defendants herein, have asserted a claim to the Funds:  Paul Marcus, Ronald Salvetti, Maurice Kassimir, John Preetzmann Aggerholm, Elna Charlotte Olga a/k/a Elna Heitkonig, Alfred C. Heitkonig, Maaike Olga Maria Hickok a/k/a Maaike Heitkonig, Robin Sayko, Peter Lusk, and the Gerhard Jordan Family.  Several of these Third-Party Defendants, though not parties to the Mayer Turnover Proceeding, have asserted objections to any turnover of the Funds to the Mayers.

56.    Third-Party Defendant Paul Marcus has sought to intervene in the Mayer Turnover Proceeding on the grounds that he has an interest in the Funds, that an orderly distribution of them should be made through the receivership process in the Criminal Case and the SEC Case, and that the Mayers should not be given preference to any of the Funds, including funds in the ATGF II and AMI Accounts, based on their State Court judgment.

57.    Third-Party Defendant Alfred Heitkonig, by letter dated November 18, 2012 on behalf of himself and his family, including Third-Party defendant John Preetzmann Aggerholm and, on information and belief, certain other Third-Party Defendants, objected to a turnover of the Funds to the Mayers, including funds held in the ATGF II Account, which account Heitkonig asserts is owned by himself and others as investors (Exhibit 7 hereto).  Heitkonig asserts, in his letter, that JPMS "must be enjoined from distributing investor claimant's (our) monies and funds." Ex. 7 at 1.  Heitkonig further complains about the government, which has consented to the turnover, "taking sides or assisting any investor claimant in particular." Id. at 2.

58.    On information and belief, other persons who have asserted claims in the Criminal Case and/or the SEC Case, named as Third-Party Defendants herein, may object to a turnover of the Funds to the Mayers on the same or similar grounds as Marcus and Heitkonig.

59.    In addition to the individuals named in paragraph 55 hereto, there are persons and entities who have been identified, in an April 7, 2009 Order of this Court, as victims in the Criminal Case who are entitled to restitution.  In addition to the Mayers, these persons are Lily Cates, Los Angeles Opera, Robert M. Cox (now the estate of Robert M. Cox, Gary M. Cox, Executor), and Graciela Lecube Chavez.  On information and belief, these individuals and entities, named Third-Party Defendants, have a right to petition the government for remission of the forefeited Funds and in that way have a claim to them.

60.    The Scheme Adviser for Third-Party Defendant Amerindo Advisers UK Ltd Benefits Scheme has asserted a claim to certain of the Funds by letter to the Court dated May 9, 2011.  The Scheme Adviser requested, among other things, that funds in the Scheme Trust owed to persons other than Vilar and Tanaka be released from the Post-Conviction Restraining Order. (Exhibit 8 hereto).

61.     Third-Party Defendants Daba, Inc. ("Daba") and Aba, Inc. ("Aba") are, on information and belief, corporations established by the Mayers that technically or nominally owned the funds that the Mayers invested with Vilar and Tanaka.  Although Daba and Aba are not parties to the Mayer Turnover Proceeding, they were parties to the Mayer's State Court Lawsuit and, like the Mayers, have obtained a judgment in it.  On that basis, Daba and Aba may have a claim to the Funds.

62.     The entities in whose names the Funds are held may have an interest in the Funds which is adverse to the interests of the other claimants to them.

63.     JPMS is a stakeholder with respect to the Funds, and disclaims any interest in them.

64.     As is set forth above, as of this date, multiple and inconsistent claims to the Funds have been asserted in three separate actions.  Although the actions are presently before this Court, the claimants and potential claimants to the Funds have, to date, not been enjoined from asserting claims against JPMS in other actions, and two claimants, the Mayers, in fact brought their Turnover Proceeding in New York State Supreme Court despite this Court's efforts to seek resolution of the issues relating to distribution of the Funds through the Criminal Case and the SEC Case.  Unless all of the claims are consolidated in one proceeding, and all claimants and potential claimants enjoined from commencing and/or asserting claims in other actions, JPMS may be subjected to multiple vexatious litigation regarding the Funds and the possibility of multiple and inconsistent judgments.

## FIRST CLAIM FOR RELIEF

65.     JPMS repeats and realleges each and every allegation set forth in paragraphs 1 through 64 of this Counterclaim, Crossclaim and Third-Party Complaint to the same extent as if those allegations were set forth here in full.

66.     As set forth above, multiple persons and entities have asserted claims and may assert claims to the Funds in multiple proceedings as a result of which JPMS has been and may in the future be subjected to vexatious litigation and the risk of double or multiple liability and inconsistent rulings with respect to the Funds.

67.     The Funds are subject to the Post-Conviction Restraining Order and the Forfeiture Order. The Mayers have separately purported to restrain the Funds pursuant to the State Court Restraining Notice. In addition, a substantial portion of the Funds are securities, some of which are unpriced and, on information and belief, are illiquid. For these reasons JPMS should be excused from any obligation to pay the Funds into the Registry of the Court in connection with this action for interpleader relief and should be required to post no or only a nominal bond. In the alternative, the Court should vacate any and all orders purporting to restrain and forfeit the Funds, direct JPMS to liquidate the Funds to the extent possible, and to then pay them into the Registry of the Court.

68.     In the circumstances set forth herein, JPMS is entitled to interplead all parties who may have claims to or rights in the Funds and obtain a determination by the Court, pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22, of the rights of the Defendants and all interested parties with respect thereto and an order discharging it from liability to all such persons in the event that it is ordered to turn over any of the Funds to any party.

## SECOND CLAIM FOR RELIEF

69.     JPMS repeats and realleges each and every allegation set forth in paragraphs 1 through 68 of this Counterclaim, Crossclaim and Third-Party Complaint to the same extent as if those allegations were set forth here in full.

70.     By reason of the foregoing, JPMS is entitled to injunctive relief, pursuant to 28 U.S.C. § 2361 and this Court's inherent powers, enjoining the Defendants and any and all claimants to the Funds from instituting or prosecuting any proceeding in any court of any state or the United States other than this Court affecting the Funds.

WHEREFORE, Respondent and Third-Party Plaintiff J.P. Morgan Securities LLC respectfully requests the entry of a judgment:

(1)     granting injunctive relief to JPMS against the Defendants and other persons to the extent necessary to protect JPMS from the risk of double or multiple liability or inconsistent rulings of different courts and the burden of having to litigate competing claims to the Funds in different courts;

(2)     fully and finally discharging JPMS from any and all liability with respect to the Funds;

(3)     resolving the Defendants' respective rights to the Funds;

(4)     awarding to JPMS its costs and expenses in this proceeding, including the costs of liquidating any Funds that the Court directs JPMS to liquidate, and including reasonable attorneys' fees; and

(5)     granting JPMS such other and further relief as may be just and proper.


Dated: New York, New York
       December 5, 2012

                                   LEVI LUBARSKY & FEIGENBAUM LLP

                        By:    _____
                                   Andrea Likwornik Weiss
                               1185 Avenue of the Americas
                               New York, NY  10036
                               Tel.  212-308-6100
                               Fax.  212-308-8830
                               E-mail: aweiss@llf-law.com