UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In the matter of the Application of LISA MAYER              : Case No. 12 Civ. 5240 (RJS) (KNF)
and DEBRA MAYER,                                            :
                                                            :
                Petitioners,                                :
                                                            :
For the payment by, or delivery of property in              :
possession of J.P. MORGAN SECURITIES LLC,                   :
UNITED STATES OF AMERICA, AMERINDO                          :
TECHNOLOGY GROWTH FUND II INC., and/or                      :
AMERINDO MANAGEMENT INC.,                                   :
                                                            :
                Respondents,                                :
                                                            :
to satisfy judgment against ALBERTO VILAR,                  :
GARY TANAKA, AMERINDO INVESTMENT                            :
ADVISORS, INC. (U.S.), AND AMERINDO                         :
INVESTMENT ADVISORS, INC. (PANAMA),                         :
                                                            :
Pursuant to CPLR §§ 5225 and 5227.                          :
                                                            :
------------------------------------------------------------X

------------------------------------------------------------X
                                                            :
J.P. MORGAN SECURITIES LLC,                                 :
                                                            :
                Third-Party Plaintiff,                      : **ANSWER TO THIRD-PARTY**
                                                            : **COMPLAINT**
        - against -                                         :
                                                            :
UNITED STATES SECURITIES AND                                :
EXCHANGE COMMISSION; PAUL MARCUS; E.                        :
RONALD SALVITTI; MAURICE KASSIMIR;                          :
JOHN PREETZMANN AGGERHOLM; ELNA                             :
CHARLOTTE OLGA a/k/a ELNA HEITKONIG;                        :
ALFRED C. HEITKONIG; MAAIKE OLGA                            :
MARIA HICKOK a/k/a MAAIKE HEITKONIG;                        :
ROBIN SAYKO; PETER LUSK; LILY CATES;                        :
THE GERHARD JORDAN FAMILY; LOS                              :
ANGELES OPERA; GARY M. COX AS                               :
EXECUTOR OF THE ESTATE OF ROBERT M.                         :
COX; GRACIELA LECUBE CHAVEZ; ALBERTO                        :

W. VILAR; GARY A. TANAKA; AMERINDO :
INVESTMENT ADVISORS, INC. (U.S.); :
AMERINDO INVESTMENT ADVISORS, INC. :
(PANAMA); DABA, INC.; ABA, INC.; TECHNO :
RAQUIA S.A.; OLAFSON INC.; AMERINDO :
ADVISERS UK LTD BENEFITS SCHEME; :
AMERINDO INVESTMENT ADVISORS MONEY :
PURCHASE PLAN AND TRUST; AMERINDO :
MASTER VENTURE FUND LLC; AND :
AMERINDO TECHNOLOGY GROWTH FUND :
INC., :
:
            Third-Party Defendants. :
:
-----------------------------------------------------------X

        Third-Party Defendant Paul Marcus, for his Answer to the Third-Party Complaint of J.P. Morgan Securities LLC (set forth at pages 8-23 of the pleading of J.P. Morgan Securities, LLC, dated December 5, 2012), hereby respectfully alleges as follows:

        1.     Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Third-Party Complaint.

        2.     Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Third-Party Complaint, except: admits that there are numerous persons and entities that have asserted or may assert conflicting claims to the Funds in multiple proceedings in federal and state court; and admits that he has asserted a claim to the Funds in the Criminal Case and the SEC Case and that he has disputed the Mayers' entitlement to a turnover of the Funds to them; and specifically denies that the Amerindo Entities' ownership of the Funds is merely "nominal."

        3.     Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Third-Party Complaint, except admits that there are competing claims to the Funds and multiple actions.

4. Upon information and belief, Third-Party Defendant admits the allegations of paragraph 4 of the Third-Party Complaint.

5. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Third-Party Complaint.

6. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Third-Party Complaint.

7. Third-Party Defendant admits the allegations of paragraph 7 of the Third-Party Complaint.

8. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Third-Party Complaint.

9. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Third-Party Complaint.

10. Third-Party Defendant admits the allegations of paragraph 10 of the Third-Party Complaint.

11. Third-Party Defendant admits the allegations of paragraph 11 of the Third-Party Complaint that he has claimed an interest in the Funds.

12. Third-Party Defendant admits the allegations of paragraph 12 of the Third-Party Complaint that E. Ronald Salvitti has claimed an interest in the Funds.

13. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Third-Party Complaint.

14. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Third-Party Complaint.

15. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Third-Party Complaint.

16. Third-Party Defendant admits the allegations of paragraph 16 of the Third-Party Complaint that Alfred C. Heitkonig has claimed an interest in the Funds.

17. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Third-Party Complaint.

18. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Third-Party Complaint.

19. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Third-Party Complaint.

20. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Third-Party Complaint.

21. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Third-Party Complaint.

22. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Third-Party Complaint.

23. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Third-Party Complaint.

24. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Third-Party Complaint.

25. Upon information and belief, Third-Party Defendant denies the allegations of paragraph 25 of the Third-Party Complaint.

26. Upon information and belief, Third-Party Defendant denies the allegations of paragraph 26 of the Third-Party Complaint.

27. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Third-Party Complaint.

28. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Third-Party Complaint.

29. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Third-Party Complaint.

30. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Third-Party Complaint.

31. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Third-Party Complaint.

32. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Third-Party Complaint.

33. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Third-Party Complaint.

34. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Third-Party Complaint.

35. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Third-Party Complaint.

36. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Third-Party Complaint.

37. Third-Party Defendant admits the allegations of paragraph 37 of the Third-Party Complaint.

38. Third-Party Defendant admits the allegations of paragraph 38 of the Third-Party Complaint.

39. Third-Party Defendant admits the allegations of paragraph 39 of the Third-Party Complaint.

40. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Third-Party Complaint.

41. Third-Party Defendant admits the allegations of paragraph 41 of the Third-Party Complaint.

42. Third-Party Defendant admits the allegations of paragraph 42 of the Third-Party Complaint.

43. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Third-Party Complaint.

44. Third-Party Defendant admits the allegations of paragraph 44 of the Third-Party Complaint.

45. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Third-Party Complaint.

46. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Third-Party Complaint.

47. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Third-Party Complaint.

48. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Third-Party Complaint, except admits that the Mayers have filed a Petition and Supplemental Petition, and refers to those documents for the content thereof.

49. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Third-Party Complaint.

50. Third-Party Defendant admits the allegations of paragraph 50 of the Third-Party Complaint.

51. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Third-Party Complaint.

52. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Third-Party Complaint, except admits that he is a claimant to the Funds and has objected to the Mayers' seeking a distribution through their Turnover Proceeding.

53. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Third-Party Complaint.

54. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Third-Party Complaint.

55. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Third-Party Complaint, except admits that he has asserted a claim to the Funds, and further admits that he is not currently a party to the Mayer Turnover Proceeding but has asserted objections to any turnover of the Funds to the Mayers.

56. Third-Party Defendant admits the allegations of paragraph 56 of the Third-Party Complaint.

57. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Third-Party Complaint, except admits that Alfred Heitkonig has objected to a turnover of the Funds to the Mayers.

58. Third-Party Defendant admits the allegations of paragraph 58 of the Third-Party Complaint.

59. Third-Party Defendant admits the allegations of paragraph 59 of the Third-Party Complaint.

60. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Third-Party Complaint.

61. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Third-Party Complaint, except specifically denies that Daba and Aba may have a claim to the Funds.

62. Third-Party Defendant denies the allegations of paragraph 62 of the Third-Party Complaint that the entities in whose names the Funds are held may have an interest in the Funds.

63. Upon information and belief, Third-Party Defendant admits the allegations of paragraph 63 of the Third-Party Complaint.

64. Third-Party Defendant admits the allegations of paragraph 64 of the Third-Party Complaint.

65. Third-Party Defendant repeats and incorporates by reference paragraphs 1-64 above as if fully set forth herein.

66. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Third-Party Complaint, except admits that multiple persons and entities have asserted claims and may assert claims to the Funds in multiple proceedings, and further admits that he has asserted a claim to the Funds.

67. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Third-Party Complaint.

68. Third-Party Defendant admits the allegations of paragraph 68 of the Third-Party Complaint.

69. Third-Party Defendant repeats and incorporates by reference paragraphs 1-68 above as if fully set forth within.

70. Third-Party Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Third-Party Complaint.

WHEREFORE, Third-Party Defendant respectfully requests the entry of a judgment:

(i) distributing the Funds to all claimants previously identified in the prior proceedings in this Court in *United States v. Vilar and Tanaka*, 04-CR-0621-RJS, and *SEC v. Amerindo Investment Advisors, Inc., et al.*, 05-CV-5231-RJS, according to a rational methodology to be approved by the Court;

(ii) denying a preferential distribution of the Funds to the Mayers; and

(iii) granting him such other and further relief as may be just and proper.

Dated: New York, New York
      January 29, 2013

STILLMAN & FRIEDMAN, P.C.

By_____
      Julian W. Friedman (JF 6010)

425 Park Avenue
New York, New York 10022
(212) 223-0200

*Attorneys for Third-Party Defendant Paul Marcus*