UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the matter of the Application of<br>LISA MAYER and DEBRA MAYER,<br><br>Petitioners,<br><br>For the payment by, or delivery of property in possession of J.P. MORGAN SECURITIES LLC, UNITED STATES OF AMERICA, AMERINDO TECHNOLOGY GROWTH FUND II INC., and/or AMERINDO MANAGEMENT INC.,<br><br>Respondents,<br><br>to satisfy judgment against ALBERTO VILAR, GARY TANAKA, AMERINDO INVESTMENT ADVISORS, INC. (U.S.), and AMERINDO INVESTMENT ADVISORS, INC. (PANAMA),<br><br>Pursuant to CPLR §§ 5225 and 5227. | Case No. 12 Civ. 5240 (RJS) (KNF) |

J.P. MORGAN SECURITIES LLC,

Third-Party Plaintiff,

-against-

UNITED STATES SECURITIES AND EXCHANGE COMMISSION; PAUL MARCUS; RONALD SALVETTI; MAURICE KASSIMIR; JOHN PREETZMANN AGGERHOLM; ELNA CHARLOTTE OLGA a/k/a ELNA HEITKONIG; ALFRED C. HEITKONIG; MAAIKE OLGA MARIA HICKOK a/k/a MAAIKE HEITKONIG; ROBIN SAYKO; PETER LUSK; LILY CATES; THE GERHARD JORDAN FAMILY; LOS ANGELES OPERA; GARY M. COX AS EXECUTOR OF THE ESTATE OF ROBERT M. COX; GRACIELA LECUBE CHAVEZ; ALBERTO W. VILAR; GARY A. TANAKA; AMERINDO INVESTMENT ADVISORS, INC. (U.S.); AMERINDO INVESTMENT ADVISORS, INC. (PANAMA); DABA, INC.; ABA, INC.; TECHNO RAQUIA S.A.; OLAFSON INC.; AMERINDO ADVISERS UK LTD

| |
|---|
| BENEFITS SCHEME; AMERINDO INVESTMENT ADVISORS MONEY PURCHASE PLAN AND TRUST; AMERINDO MASTER VENTURE FUND LLC; and AMERINDO TECHNOLOGY GROWTH FUND INC., <br><br> Third-Party Defendants. |

### MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE OF JAMES STABLEFORD

James Stableford, a United Kingdom-based managing trustee and member of Third-Party Defendant Amerindo Advisers (UK) Ltd Retirement Benefits Scheme ("UK Retirement Scheme"), submits this Memorandum of Law in support of his motion to intervene as a third-party defendant pursuant to Federal Rule of Civil Procedure 24(a)(2), or, in the alternative, Rule 24(b)(1)(B).  Pursuant to Rule 24(c), Mr. Stableford's proposed answer to the Third-Party Complaint of J.P. Morgan Securities LLC ("JPMS") (Docket No. 19) is attached hereto as Exhibit A.

### BACKGROUND

On December 5, 2012, JPMS filed a Third-Party Complaint seeking "a determination of the rights" of numerous entities and individuals in certain funds held at JPMS.  Third-Party Compl. ¶ 1.  These funds include Account Number 102-05012, held in the name of UK Retirement Scheme, and JPMS named UK Retirement Scheme as a Third-Party Defendant.  *Id*. ¶¶ 33, 40(v).  Mr. Stableford is one of four managing trustees and members of UK Retirement Scheme.[1]  Two of the managing trustees and members are Gary Tanaka and Alberto Vilar.  Because Mr. Tanaka and Mr. Vilar have refused to permit the undersigned counsel to represent UK Retirement Scheme, Mr. Stableford expects that UK Retirement Scheme will not answer the

---

[1] The "members" of UK Retirement Scheme would be called beneficiaries in the United States.

- 2 -

Third-Party Complaint. As a result, no party participating in this litigation will represent his interest in the UK Retirement Scheme account.

## APPLICABLE LAW

The Court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). To intervene as of right under Rule 24(a)(2), a putative intervenor "must (1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties." *Berroyer v. United States*, 282 F.R.D. 299, 302 (E.D.N.Y. 2012) (internal quotation marks omitted).

In addition, the Court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

## ARGUMENT

### I. Mr. Stableford May Intervene As of Right

**A.** Mr. Stableford's application is timely. The assessment of timeliness "must be based on all of the circumstances of the case." *Dow Jones & Co., Inc. v. U.S. Dep't of Justice*, 161 F.R.D. 247, 251 (S.D.N.Y. 1995) (Sotomayor, J.). The court should consider "'(a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual circumstances militating for or

against a finding of timeliness.'" *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 159-60 (S.D.N.Y. 2000) (quoting *United States v. New York*, 820 F.2d 554, 557 (2d Cir.1987)).

UK Retirement Scheme was served with the Third-Party Complaint on March 14, 2013, *see* Affidavit of Service (Mar. 19, 2013) (Docket No. 60), and Mr. Stableford brings this motion just more than three months later. Longer periods have been held timely. *See Peterson v. Islamic Republic of Iran*, --- F.R.D. ----, No. 10 Civ. 4518 KBF, 2013 WL 1947420, at *4 (S.D.N.Y. May 10, 2013) (six months); *Dorsett v. Cnty. of Nassau*, 289 F.R.D. 54, 72 (E.D.N.Y. 2012) (seven months); *Berroyer*, 282 F.R.D. at 303 (six months). Other parties will not be prejudiced by Mr. Stableford's failure to intervene sooner. The few third-party defendants that have already appeared and filed answers have filed nothing further, and several third-party defendants that JPMS reports having served have not appeared at all. *See, e.g.*, Affidavit of Service (Apr. 4, 2013) (Docket No. 72) (Amerindo Technology Growth Fund Inc.); Affidavit of Service (Apr. 4, 2013) (Docket No. 74) (Amerindo Master Venture Fund LLC); Affidavit of Service (Apr. 4, 2013) (Docket No. 75) (Amerindo Investment Advisors, Inc. (Panama)). Mr. Stableford will be prejudiced if his motion is denied, because UK Retirement Scheme will not appear to represent his interests. This fact should also be considered an unusual circumstance weighing in favor of a finding of timeliness. Mr. Stableford did not move to intervene sooner because he believed that UK Retirement Scheme would appear. He filed this motion promptly after learning that it would not do so.

**B.**     Mr. Stableford is one of only four managing trustees and members of UK Retirement Scheme, the holder of one of the accounts that is a subject of the Third-Party Complaint. There can be no dispute that he claims an interest relating to property that is the subject of this action.

      **C.**      If Mr. Stableford is not permitted to intervene, this action may impair his interest in the UK Retirement Scheme account.  The Third-Party Complaint seeks "a determination of the rights" to the funds in the account.  Third-Party Compl. ¶¶ 1, 40(v).  If the Court concludes that anyone other than the members of UK Retirement Scheme has rights to the funds, Mr. Stableford's interest will be impaired.

      **D.**      Finally, Mr. Stableford's interest will not be adequately represented if he is not permitted to intervene.  The requirement that an intervenor's interest be inadequately represented "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal."  *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (reversing denial of motion to intervene).  Here, the only entity that might possibly represent Mr. Stableford's interests, UK Retirement Scheme, will not do so.  As a result, Mr. Stableford should be permitted to appear on his own behalf to protect his interests.

## II.    Mr. Stableford May Intervene Permissively

      If the Court concludes that Mr. Stableford may not intervene as of right, it should permit him to intervene permissively.  Rule 24(b)(1)(B) requires that an intervenor have "a claim or defense that shares with the main action a common question of law or fact," but "[t]he words claim or defense are not to be read in a technical sense, but only require some interest on the part of the applicant."  *Dow Jones & Co., Inc.*, 161 F.R.D. at 254.  "Permissive intervention also is appropriate where the applicant's interest will be finally determined by the suit."  *Id*.  For the reasons discussed above, Mr. Stableford has an interest in this litigation, and his interests in the UK Retirement Scheme account held at JPMS will be decided here.  "It would not be proper to terminate a beneficiary's interest without making the beneficiary a party."  *Swift v. Swift*, 61

- 6 -

F.R.D. 595, 598 (E.D.N.Y. 1973) (permitting trust beneficiary to intervene in suit to terminate trust and noting).

## CONCLUSION

For the foregoing reasons, the Court should grant Mr. Stableford's motion to intervene.

Dated: July 1, 2013											Respectfully submitted,

*s/ James M. Webster III*
James M. Webster III (*pro hac vice*)
Andrew E. Goldsmith
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
jwebster@khhte.com
agoldsmith@khhte.com

*Counsel for James Stableford*