UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

UNITED STATES OF AMERICA

    -v.-

GARY ALAN TANAKA,

              Defendant,

    -and-

SECURITIES AND EXCHANGE COMMISSION,

              Plaintiff
    -v.-

AMERINDO INVESTMENT ADVISORS, INC., *et al*.

              Defendants

    -and-

In the matter of the Application of
LISA MAYER and DEBRA MAYER,

              Petitioners,

For the payment by, or delivery of property in possession of J.P. MORGAN SECURITIES LLC, UNITED STATES OF AMERICA, AMERINDO TECHNOLOGY GROWTH FUND II INC., and/or AMERINDO MANAGEMENT INC.,

              Respondents,

to satisfy judgment against ALBERTO VILAR, GARY TANAKA, AMERINDO INVESTMENT ADVISORS INC. (U.S.), and AMERINDO INVESTMENT ADVISORS, INC. (PANAMA),

Pursuant to CPLR §§ 5225 and 5227

STIPULATION AND ORDER OF SETTLEMENT

05 Cr. 621 (RJS)

05 Cv. 5231 (RJS)

12 Cv. 5240 (RJS)

1

------------------------------------------------------------:
                                                              X

WHEREAS, this Stipulation and Order of Settlement is entered into by and among Lisa and Debra Mayer (the "Mayers") and the United States of America ("United States") (together, the "Parties");

WHEREAS, on or about May 25, 2005 the United States commenced the above-captioned criminal action 05 Cr. 621 (RJS) (the "Criminal Action") by filing a criminal complaint against ALBERTO WILLIAM VILAR and GARY ALAN TANAKA (together, the "Defendants");

WHEREAS, on or about June 1, 2005, the United States Securities and Exchange Commission (the "SEC") commenced the above-captioned civil enforcement action 05 Cv. 5231 (RJS) by filing a complaint against the Defendants and their Amerindo corporate entities (the "SEC Action");

WHEREAS, on or about August 15, 2006, the Defendants were charged in a twelve-count Superseding Indictment, S3 05Cr 621 (KMK) (the "Indictment") (Cr. Dkt. No. 133);

WHEREAS, on or about November 19, 2008, a jury returned a guilty verdict against defendant Vilar on all twelve counts of the Indictment, and against defendant Tanaka on Counts One, Three and Four of the Indictment (Cr. Dkt. No. 320);

WHEREAS, on or about October 26, 2009, the Court entered a post-conviction restraining order (the "2009 Restraining Order") barring the Defendants, any of their agents or anyone with actual notice of the order from taking any action that would diminish the value of the assets listed, including among other assets, the following:

- J.P. Morgan Chase brokerage account numbers:

  i. 102-17995 MOL, held in the name of Techno Raquia, S.A., Ian Gazes Receiver c/o Gazes LLC;

  ii. 102-01485 MOL, held in the name of Amerindo Management Inc., sub-Account M26, Ian Gazes Receiver c/o Gazes LLC;

  iii. 102-01495 MOL, held in the name of Amerindo Technology Growth Fund II, Inc., Ian Gazes Receiver c/o Gazes LLC;

  iv. 102-15833, held in the name of Olafson, Inc., Ian Gazes Receiver c/o Gazes LLC;

  v. 102-25612, held in the name of Amerindo Investment Advisors, Inc. Money Purchase Plan and Trust Alberto Vilar TTEE DTD 5/1/94 c/o Gazes LLC Ian Gazes;

and

- Approximately $273,611.89 in funds formerly held by @Ventures Management, LLC for the benefit of Amerindo Technology Growth Fund II, Inc.

(collectively, the "Substitute Assets") (Cr. Dkt. No. 364, at 2-3 (Substitute Assets listed as items (b)(i), (ii), (iv), (v), (viii), and (d)));

WHEREAS, the 2009 Restraining Order also included the following asset:

- J.P. Morgan Chase (f/k/a Bear Stearns & Co., Inc.) brokerage account number 102-05012, held in the name of The Trustees of the Amerindo Advisors (UK) Ltd. Ret. Benefits Scheme

(the "Benefits Scheme Assets") (Cr. Dkt. No. 364, at 3 (Benefits Scheme Assets listed as item (c)(i))).

WHEREAS, on or about November 9, 2010, the Court entered an Order of Forfeiture of Substitute Assets forfeiting all of Defendants' right, title and interest in the Substitute Assets and the Benefits Scheme Assets (Cr. Dkt. No. 463);

WHEREAS, in or around 2011 and 2012, two judgments were entered in the Supreme Court of the State of New York, County of New York, in favor of the Mayers against the Defendants, Amerindo Investment Advisors Inc. (US), and Amerindo Investment Advisors, Inc. (Panama) (collectively, the "Judgment Debtors") in the total amount of $22,423,698.29 (the

3

"First and Second State Court Judgments"), as well as a third judgment for $759,489.30 in attorney's fees (collectively with the First and Second State Court Judgments, the "State Court Judgments");

WHEREAS, on or about June 6, 2012, the Mayers served an Execution with Notice to Garnishee on J.P. Morgan Securities LLC against accounts held at J.P. Morgan in which the Mayers asserted the Judgment Debtors held an interest, including the Substitute Assets and the Benefits Scheme Assets, among other assets (the "June 2012 Execution");

WHEREAS, on or about June 25, 2012, the Mayers filed a turnover action in the Supreme Court of the State of New York, County of New York, seeking turnover of assets held in J.P. Morgan account number 102-01495 held in the name of Amerindo Technology Growth Fund II and J.P. Morgan account number 10-01485 held in the name of Amerindo Management Inc. to satisfy the First and Second State Court Judgments (the "Turnover Action");

WHEREAS, on or about July 5, 2012, the United States filed notice of removal of the Turnover Action to this Court, captioned above and docketed as 12 Cv. 5240 (RJS), and the Turnover Action was consolidated with the SEC Action and the Criminal Action;

WHEREAS, on or about March 11, 2013, the Court appointed a Receiver in the SEC Action to establish a distribution fund and a claims and interim distribution procedure (the "Receivership") (Cv. Dkt. Nos. 272, 290);

WHEREAS, on or about August 2, 2019, the Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "First Substitute Assets Order") forfeiting all of the Defendants' right, title and interest in the Substitute Assets;

WHEREAS, the Substitute Assets, valued at approximately $12,768,680 in United States currency, are currently held by the United States Marshals Service in its Seized Assets Forfeiture Fund pending the outcome of the ancillary forfeiture proceeding in the Criminal Action;

WHEREAS, on or about September 20, 2019, the Mayers filed a petition with the Court pursuant to Title 21, United States Code, Section 853(n) claiming a legal interest in the Substitute Assets based on the June 2012 Execution (the "First Mayer Petition") (Cr. Dkt. No. 824);

WHEREAS, on or about December 9, 2019, the Court entered a Second Preliminary Order of Forfeiture as to Substitute Assets (the "Second Substitute Assets Order") forfeiting all of the Defendants' right, title and interest in the Benefits Scheme Assets (Cr. Dkt. No. 848);

WHEREAS, the Benefits Scheme Assets are currently held at J.P. Morgan;

WHEREAS, on or about January 16, 2020, the Mayers filed a second petition with the Court pursuant to Title 21, United States Code, Section 853(n) claiming a legal interest in the Benefits Scheme Assets based on the June 2012 Execution (the "Second Mayer Petition") (Cr. Dkt. No. 864);

WHEREAS, other third-party petitioners Alfred Heitkonig, Dr. E. Ronald Salvitti, Paul Marcus, the Deane J. Marcus Trust, the Steven E. Marcus Trust, the Cheryl Marcus-Podhaizer Trust and the Eve S. Marcus Children's Trust (collectively, the "Third-Party Petitioners") have also filed petitions in the Criminal Action claiming legal interests in the Substitute Assets and Benefits Scheme Assets;

WHEREAS, it is the Mayers' position that they are the only petitioners in the Criminal Action who have a perfected, secured claim and the other Third-Party Petitioners have only set forth unperfected, unsecured claims;

WHEREAS, on or about September 4, 2021, defendant Vilar died;

WHEREAS, the United States has reached agreement on a global settlement (the "Global Settlement") with the Trustees of the Amerindo Advisors (UK) Limited Retirement Benefits Scheme (the "Pension Scheme"), James Stableford ("Stableford"), the enforcement staff of the Securities and Exchange Commission (the "SEC"), defendant Gary Tanaka, and various Amerindo corporate entities (the "Amerindo Entities"), subject to approval by the SEC itself, in which the Second Substitute Assets Order shall be vacated and the restraint on the Benefits Scheme Assets released so they may be repatriated to the United Kingdom; and

WHEREAS, the Parties have agreed to resolve their competing claims to the Substitute Assets on the terms set forth below;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Alexander J. Wilson, of counsel, Debra and Lisa Mayer and their counsel Jerome Reisman, Esq. of Reisman Peirez Reisman & Capobianco LLP that:

1. The United States hereby agrees that the Mayers hold a right, title and interest in the Substitute Assets superior to that of the United States pursuant to Title 18, United States Code, Section 853(n)(6)(A), and to the other Third-Party Petitioners, based on the First and Second State Court Judgments and the June 2012 Execution.

2. Within five days of the vacatur of the Second Substitute Assets Order, the Mayers shall voluntarily withdraw and/or dismiss the Turnover Action and June 2012 Execution solely with respect to the Benefits Scheme Assets, and hereby consent to the repatriation of the Benefits Scheme Assets to the United Kingdom.

3. In the event the vacatur of the Second Substitute Assets Order is reversed and/or

overturned and the Second Substitute Assets Order is reinstated prior to the repatriation of the Benefits Scheme Assets to the United Kingdom, the Mayers shall retain all their existing rights with respect to any third parties and the Benefits Scheme Assets, and shall not be barred by this Stipulation and Order from seeking to reopen, renew, reinstate and/or refile the Turnover Action and/or June 2021 Execution and/or to serve a new execution with notice to garnishee on J.P. Morgan Securities LLC against the Benefits Scheme Assets and/or to commence a new turnover action with respect to the Benefits Scheme Assets, to the extent otherwise permitted by applicable state or federal law.

4. To the extent the Second Preliminary Order of Forfeiture is not ultimately vacated, the Second Mayer Petition shall remain in effect. Further, the Mayers shall otherwise retain all pre-existing rights and claims to the Benefits Scheme Assets, including but not limited to any rights and claims based on their State Court Judgments, senior secured position and lien as a result of the State Court Judgments, the June 2012 Execution and the Turnover Action, and any constructive trust claims that may be recognized by this Court or any other court of law, except that they shall not take any action to prevent the repatriation of the Benefits Scheme Assets to the United Kingdom.

5. Nothing contained herein shall constitute a waiver of any of the Mayers' rights or claims in the SEC Action, including but not limited to any rights or claims asserted by the Mayers against the SEC, the Judgment Debtors, the other Third-Party Petitioners, Stableford, the Pension Scheme and the Amerindo Entities or any rights or claims that the Mayers may assert against the SEC, the Judgment Debtors, the other Third-Party Petitioners, Stableford, the Pension Scheme and the Amerindo Entities in the future.

6. Except as set forth in paragraph 2, nothing contained herein shall constitute a

7

waiver of any of the Mayers' rights to execute and enforce their State Court Judgments against the Judgment Debtors and the Amerindo Entities, or their transferees, in any appropriate forum and in any such manner acceptable under the law, including seeking to recover post-judgment interest on their State Court Judgments, except that they shall not take any action to prevent the repatriation of the Benefits Scheme Assets to the United Kingdom.

7. Nothing contained herein shall constitute a waiver of any of the Mayers' rights to assert a constructive trust claim in any appropriate forum and in any such manner acceptable under the law, except that they shall not take any action to prevent the repatriation of the Benefits Scheme Assets to the United Kingdom.

8. The Mayers are hereby barred from asserting, or assisting others in asserting, any claim against the United States of America ("USA"), the Department of Justice ("DOJ"), the United States Attorney's Office – SDNY ("USAO"), the United States Marshals Service (USMS), the United States Postal Inspection Service ("USPIS"), and the Securities and Exchange Commission ("SEC"), or any and all employees, officers, and agents of the USA, the DOJ, the USAO, the USMS, the USPIS and the SEC, in connection with or arising out of the seizure, restraint, and/or constructive possession of the Substitute Assets and the Benefit Scheme Assets, including, but not limited to, any claim that there was no probable cause to seize, restrain and/or forfeit the Substitute Assets or the Benefit Scheme Assets, that the Mayers are a prevailing party, or that the Mayers are entitled to attorney's fees or any award of interest from the DOJ, the USAO, the USMS, the USPIS, and the SEC.

9. Each Party to this Stipulation and Order of Settlement shall bear its own costs, expenses, and attorneys' fees.

10. The United States agrees to proactively and in good faith litigate any objections or

challenges to this Stipulation and Order of Settlement, except that this provision shall not be read to require the United States to file an affirmative appeal of any adverse decision.

11. This Stipulation and Order of Settlement constitutes the entire agreement between the Parties on the matters raised herein, and no other statement, promise or agreement, either written or oral, made by any party or agents of any party, that is not contained in this written Stipulation and Order of Settlement shall be enforceable.

12. The Parties hereby agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order of Settlement.

13. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Stipulation and Order of Settlement.

14. The signature pages of this Stipulation and Order of Settlement may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. The signature pages may be transmitted by fax or by electronic file in PDF format, and such signatures shall be deemed equivalent to valid originals.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____
ALEXANDER J. WILSON
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel.: (212) 637-2453

12/14/21
DATE

9

DEBRA MAYER

By: _____  12/14/2021
DEBRA MAYER                  DATE
Petitioner and Third-Party Petitioner

LISA MAYER

By: _____  12/14/2021
LISA MAYER                   DATE
Petitioner and Third-Party Petitioner

By: _____  12/14/2021
JEROME REISMAN, ESQ.         DATE
Attorney for Lisa and Debra Mayer
Reisman Peirez Reisman & Capobianco LLP
1305 Franklin Avenue
Garden City, NY  11530

SO ORDERED:

_____       4/18/22
HONORABLE RICHARD J. SULLIVAN  DATE
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

10